Betty J. Galiher, Plaintiff-Appellant, v. Ralph L. Spates, Defendant, Kenilworth Insurance Company, a Corporation, Defendant-Appellee.

Gen. No. 11,225.

Fourth District.

September 24, 1970.

Philip C. Zimmerly and James M. Langan, of Champaign, for appellant.

Hatch, Corazza, Baker & Jensen, of Champaign (Harold L. Jensen, of counsel), for appellee.

CRAVEN, P. J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Champaign County granting a motion for summary judgment by defendant Kenilworth Insurance Company.

Action was to recover damages for negligence of defendant Ralph L. Spates in driving his automobile. Count I of the complaint was against Spates. Count II of the complaint was against defendant Kenilworth Insurance Company, alleging that Spates was an uninsured motorist and that defendant Kenilworth Insurance Company, insurer of plaintiff, Betty J. Galiher, failed to provide plaintiff uninsured motorist coverage as required by statute.

The complaint alleged that plaintiff purchased a policy of automobile insurance from Kenilworth Insurance Company through its agent, Best Insurance Agency, of Decatur, Illinois. After several amendments to the complaint and a motion for summary judgment by plaintiff, a motion for summary judgment by Kenilworth alleging that Best was a broker and, therefore, as a matter of law was the agent of the insured and not of the insurer, was allowed. The trial court found no just cause to delay appeal, and this appeal seeks reversal of the order of summary judgment for defendant Kenilworth Insurance Company.

Plaintiff contends that whether a broker of insurance is acting as agent of the company or of the insured is a question of fact, and that the applicable statute requiring an automobile-liability company to provide uninsured motorist coverage to an applicant unless the applicant rejects it makes the broker an agent of the company.

Further, plaintiff contends that an admission by defendant in a superseded answer that Best was its agent is admissible as an admission and prevents a finding, as a matter of law, that Best was an agent of the insured.

An answer filed by defendant Kenilworth Insurance Company, in paragraphs 9 and 10, admitted Best Insurance Agency was its agent in selling the policy. Thereafter, over objection, defendant was permitted to file an amended answer denying the agency. A second amended answer was filed by Kenilworth, amending paragraph 13 of its amended answer to set up as an affirmative defense that Best was a broker and as such a representative of the plaintiff. Plaintiff's motion to strike this defense was denied.

Plaintiff filed a motion for summary judgment, accompanied by an affidavit of plaintiff and the discovery deposition of plaintiff and of Jack L. Holt, an employee of Best. The affidavit of plaintiff stated that at no time did Jack Holt, or any employee of Best, tell her that the Best Insurance Agency was acting on her behalf, but she understood that Best was an agent for the company with which her insurance was being placed. This motion was denied.

Defendant filed a motion for summary judgment, accompanied by the discovery deposition of Robert A. Best of Best Insurance Agency. Plaintiff filed a reply denying the allegations of the affirmative defense in paragraph 13 of the second amended answer. The trial court allowed defendant's motion for summary judgment, filing a memorandum in which it found, as a matter of law, that Best Insurance Agency was a broker and as such acted as agent of plaintiff and not of defendant.

An insurance broker is one who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from any special company, but, having secured an order, places the insurance with the

company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker. 22 ILP, Insurance, § 71, at 102. Insurance agents have a fixed and permanent relation to the companies they represent and have certain duties and allegiances to such companies. Whether a person is an agent or a broker is determined by his acts or what he does. Tri-City Transp. Co. v. Bituminous Cas. Corp., 311 Ill App 610, 37 NE2d 441 (4th Dist 1941). While generally the question of whether an insurance broker is the agent of the insured or insurer is one of fact, where the evidence shows clearly he is the agent of the insured, it becomes a matter of law.

■ The affidavit and depositions in this case show that plaintiff applied to Best Insurance Agency for the automobile-insurance policy; that Best could have applied to several companies for it, although it was an assigned risk coverage. Best held an insurance broker's license from the State of Illinois. Although Best had an agent's license for certain companies, it did not have one for Kenilworth Insurance Company. The application was required to be accepted by Kenilworth. Best had no authority to bind Kenilworth as to acceptance of the coverage. These facts wholly failed to show any principal-agency relationship between Kenilworth and Best, but showed Best, as a broker, was acting as agent for plaintiff.

■ The prior admission of agency in defendant's answer is not a sufficient factor to create an issue of fact. The prior answer was not verified and, being superseded by an amended answer, does not have the effect of an admission. Macabee v. Miller, 316 Ill App 157, 44 NE2d 341 (1st Dist 1942). The absence of a verification is a factor distinguishing People ex rel. Nelson v. Central Mfg. Dist. Bank, 306 Ill App 15, 28 NE2d 154 (1st Dist 1940).

We find nothing in the language of the Insurance Code of Illinois in the provisions requiring insurance companies writing automobile-liability insurance to include uninsured motorist coverage (Ill Rev Stats 1963, c 73, § 755a) which changes the basic relationship of the insured and insurer, or the usual rules governing the relationship of broker or agent. The fact that the Code permitted the named-insured to reject such coverage on policies delivered, renewed or issued for delivery prior to July 1, 1967 (which applied in the instant case), did not change the basic relationship nor make Best the agent of Kenilworth rather than a broker.

The plaintiff rejected the uninsured motorist coverage and Kenilworth received the application in such form. This action of the plaintiff could not have made Best the agent of Kenilworth. Kenilworth could act only upon the application as it was submitted with plaintiff's rejection of uninsured motorist coverage being an integral part of the application.

No genuine issue of material fact existed since, as a matter of law, Best Insurance Agency was not an agent of Kenilworth Insurance Company. The trial court correctly entered an order granting summary judgment.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.