LILBERT ROSS *et al.*, Plaintiffs-Appellants, *v.* DAVID A. THOMAS, Defendant.—(SEAMAN INSURANCE AGENCY *et al.*, Garnishees; HERITAGE INSURANCE GROUP *et al.*, Garnishees-Appellees.)

Fourth District   No. 13572

Opinion filed February 10, 1977.

Dukes, O'Rourke, Stewart & Martin, Ltd., of Danville (John F. Martin, of counsel), for appellants.

Thomas, Mamer, Haughey & Miller, of Champaign (Thomas F. Kolter, of counsel), for appellee Heritage Insurance Group.

Hamm, Hanna & O'Brien, of Peoria, and Frank M. Greenfield, of Berstein, Golan & Yalowitz, Ltd., of Chicago (E. Michael O'Brien, of counsel), for appellee Lincolnwood Towers Insurance Agency, Inc.

Mr. JUSTICE REARDON delivered the opinion of the court:

Plaintiffs, Lilbert and Bernice Ross, appeal from the judgment entered against plaintiffs, at the close of plaintiffs' case, and in favor of Heritage Insurance Group (hereinafter Heritage), Lincolnwood Towers Insurance Agency, Inc. (hereinafter Lincolnwood), and Denise and Tom Seaman, doing business as the Seaman Insurance Agency (hereinafter Seaman).

On January 25, 1973, David A. Thomas applied for an automobile liability insurance policy through Seaman and paid $50 to the agency as a deposit for "full insurance coverage." At this time Seaman and Lincolnwood had an informal broker-agent relationship. Lincolnwood is an agent and represents several insurance companies in Illinois, including Heritage. Apparently all previous automobile liability applications generated by Seaman were placed with Heritage through Lincolnwood. The Thomas application was processed on January 25 or 26, 1973, in this way through Lincolnwood. Between January 25, and February 3, 1973, Denise Seaman consulted Lincolnwood as to the status of the Thomas application and was told that the policy was being processed.

On February 3, 1973, the Thomas vehicle collided with plaintiff's automobile. Plaintiffs were injured and their automobile damaged. After the accident Denise Seaman again inquired of Lincolnwood regarding the status of the policy application, both by telephone and letter. The application could not be found and Lincolnwood declined to issue a policy for Thomas.

Plaintiffs filed a complaint against Thomas on November 26, 1973. On June 28, 1974, a default judgment was entered against Thomas in which Lilbert Ross was awarded $15,000 for personal injuries and $1,050 for property damages; Bernice Ross was awarded $2,500 for personal injuries.

Thereafter, in an effort to recover the award amounts, plaintiffs, in reliance upon the Garnishment Act of Illinois (Ill. Rev. Stat. 1973, ch. 62, par. 33 *et seq.*), sued Heritage, Lincolnwood, Seaman, and Dairyland Insurance Company (hereinafter Dairyland). Dairyland was dropped from the case prior to trial. The garnishment affidavit alleged that the garnishees (Heritage, Lincolnwood, Seaman) were indebted to the judgment debtor (Thomas) or had in their possession, control, or custody property belonging to Thomas or property in which Thomas had an interest, *i.e.*, an insurance policy. The evidence submitted at the bench trial, including the testimony of Roger Wolf, the officer manager and vice-president of Lincolnwood, strongly indicated that Seaman had no

power to bind or issue policies for Lincolnwood or Heritage. Although Denise Seaman believed that coverage was bound she admitted that she had no policy binding authority for garnishees and that she never informed Thomas that he was insured or covered, either temporarily or pursuant to an issued policy. Thomas did not testify in the garnishment proceeding nor did he appear in the earlier proceedings which resulted in the judgments. No copy of the application was introduced in evidence.

At the close of plaintiffs' case, the trial court determined that plaintiffs had failed to prove the existence of an insurance policy or a binder for temporary insurance and judgment was entered in favor of garnishees. It is from this judgment that plaintiffs bring their appeal.

Section 490 of the Illinois Insurance Code defines the term "agent" to mean:

> " * * * any person, partnership, association or corporation, who or which solicits, negotiates or effects for or on behalf of any company, policies or contracts for insurance covering property or risks in this State * * *"

and the term "Broker" to mean:

> " * * * any person, partnership, association or corporation, who or which acts or aids in the manner in the solicitation or negotiation, for or on behalf of the assured, with or without compensation, of policies or contracts for insurance covering property or risks in this State * * *." Ill. Rev. Stat. 1975, ch. 73, par. 1065.37.

In *Galiher v. Spates* (1970), 129 Ill. App. 2d 204, 262 N.E.2d 626, this court held:

> "An insurance broker is one who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker. 22 ILP, Insurance, § 71, at 102. Insurance agents have a fixed and permanent relation to the companies they represent and have certain duties and allegiances to such companies. Whether a person is an agent or a broker is determined by his acts or what he does. [Citation.]" (129 Ill. App. 2d 204, 206-207, 262 N.E.2d 626, 627.)

In essence, the *Galiher* court held that the relationship between the alleged broker or agent and the insurer is a question of fact for the trier of fact, unless the relationship is so clearly established that the issue becomes one of law. A broker by definition is an agent of the insured whereas an agent by definition is an agent of the insurer.

■■ In the remarkably similar case of *Lynn v. Village of West City*

(1976), 36 Ill. App. 3d 561, 565, 345 N.E.2d 172, 175, it was held that a broker who has no fixed or permanent relationship with an insurance company is not an agent of that insurance company when procuring insurance for his client. This is true even though the broker's actions in attending to his client's interest might benefit the insurance company.

In a bench trial the trial court sits as a jury, and weighs the evidence and determines the credibility of witnesses. The trial court's findings are entitled to great weight on appeal and should not be set aside unless clearly against the manifest weight of the evidence. *Fisher v. City of Aledo* (1974), 23 Ill. App. 3d 190, 318 N.E.2d 305.

■■ We find nothing in the record that justifies the finding of an agency relationship between Seaman and Lincolnwood or Heritage. Seaman remained and acted as Thomas' broker throughout. No evidence was introduced that there was any "fixed or permanent" relationship between Seaman and the other garnishees, nor was there any indication that Seaman acted in any manner inconsistent with its broker relationship with Thomas. Consequently, we do not find that the trial court's determination was against the manifest weight of the evidence.

■■ We also can find no implied authority giving Seaman the power to temporarily bind Lincolnwood or Heritage. To find implied authority, there must be some showing of fact from which the implied authority to bind an insurer to a policy of insurance may be inferred. (*Miller v. Botts* (1966), 77 Ill. App. 2d 386, 222 N.E.2d 581.) In this case, the only evidence that would sustain the finding of implied authority is the testimony of Denise Seaman. In light of her testimony's ambiguous and contradictory nature, the direct testimony of Lincolnwood's employee, Roger Wolf, and the printed language on the application which boldly states that "No Risk is Bound Unless Policy is Issued," the trial court's finding that neither Lincolnwood nor Heritage impliedly accepted the policy that Seaman proposed is not against the manifest weight of the evidence.

■■ The evidence also failed to establish a contract of preliminary insurance between Thomas and garnishees. To establish such a contract, one must introduce evidence tending to prove, at a minimum, the requisite elements of the coverage limits, the duration of the coverage and the amount of premium. (*Pimentil v. Milo Brooke, Inc.* (1956), 11 Ill. App. 2d 201, 136 N.E.2d 608.) In *Miller v. Botts* no preliminary insurance was found where the applicant did not ask that the coverage be bound or what the nature or extent of the limits of the coverage were. In the instant case, Denise Seaman and Thomas never discussed the limits, length, permanency, binding effect or existence of the coverage. Accordingly, the trial court's finding that there was no insurance in effect at any time is not against the manifest weight of the evidence.

■■ The plaintiffs' contention that Lincolnwood and Heritage were

negligent in unreasonably delaying action on the application for insurance is not supportable. *Talbot v. Country Life Insurance Co.* (1973), 8 Ill. App. 3d 1062, 291 N.E.2d 830, and *Wille v. Farmers Equitable Insurance Co.* (1967), 89 Ill. App. 2d 377, 232 N.E.2d 468, held that an insurer could be held liable on an insurance application if the insurance company or agent negligently fails to process the policy application within a reasonable time. In *Talbot v. Country Life Insurance Co.* approximately five months elapsed between the application for life insurance and the insured's death. In *Wille v. Farmers Equitable Insurance Co.*, three weeks elapsed between the time of the application and the date of the accident. In both cases the insured acted in reliance upon the agent's assurance that he was covered. In the case at bar, it took anywhere from one to three weeks for policy approval by Lincolnwood. No assurance of coverage was made and only nine days had elapsed between the time of application and the accident. Apparently Thomas was something less than a preferred risk and desired the insurance to keep his automobile from being repossessed. We do not find the length of the delay to be unreasonable under these circumstances.

Plaintiffs' last contention on appeal is that they were prejudiced by the trial court's erroneous rulings concerning the scope of examination permitted under section 60 of the Civil Practice Act. Section 60 provides:

"Examination of adverse party or agent. Upon the trial of any case any party thereto or any person for whose immediate benefit the action is prosecuted or defended, * * * may be called and examined as if under cross-examination at the instance of any adverse party. The party calling for the examination is not concluded thereby but may rebut the testimony thus given by countertestimony and may impeach the witness by proof of prior inconsistent statements." Ill. Rev. Stat. 1973, ch. 110, par. 60.

■■ Garnishees suggest that any error in this instance is waived by failure of the plaintiffs to abstract the colloquies in issue. Plaintiffs did omit relevant portions of the record from the abstract, but as the plaintiffs did file an otherwise unobjectionable abstract and did include the full text of the pertinent colloquies in their brief, we find a good-faith effort sufficient to comply with Supreme Court Rule 342 (Ill. Rev. Stat. 1975, ch. 110A, par. 342). See *Ahlvers v. Terminal Railroad Association* (1975), 31 Ill. App. 3d 166, 334 N.E.2d 329.

■■ Plaintiffs complain of the trial court's rulings sustaining garnishees' objections to plaintiffs' questions framed in leading form. These questions were asked during the section 60 examination of Denise Seaman concerning the time within which a policy of insurance would normally be issued by Lincolnwood. Leading questions may be asked during the

cross-examination type questioning. (*Dobson v. Rosencranz* (1967), 81 Ill. App. 2d 439, 226 N.E.2d 296.) Another question seeking the same answer was asked. No objection was made thereto. It was responded to by Denise Seaman. Consequently, we find the erroneous rulings to be harmless as the result reached by the trial court was not affected by this error and the result is the only one warranted by the other evidence in the case. *Gillespie v. Norfolk & Western Ry. Co.* (1972), 3 Ill. App. 3d 779, 278 N.E.2d 420.

■■ Plaintiffs also contend that the trial court's ruling allowing garnishees to cross-examine Denise Seaman was prejudicial error. A witness called pursuant to section 60 may, at the discretion of the court, be examined immediately by the opposing party only on matters to which he had testified upon examination by the party that called him. (*Economy Truck Sales & Service v. Granger* (1965), 61 Ill. App. 2d 111, 209 N.E.2d 1.) Although some of the questions posed by garnishees to Denise Seaman were arguably leading questions, most of the matters had been previously testified to by Mrs. Seaman upon the examination made by plaintiffs. The other matters had also been previously testified to during garnishees' examination of Mrs. Seaman without objection by plaintiffs. We, accordingly, can find no prejudice mandating reversal attaching to plaintiffs.

The determination of the trial court in entering judgment in favor of garnishees is supported by the manifest weight of the evidence and no reversible error resulted from the trial court's evidentiary rulings. Accordingly, we affirm.

Affirmed.

CRAVEN, P. J., and MILLS, J., concur.