CHARLES DAVIDSON, Plaintiff-Appellee, *v.* COMET CASUALTY COMPANY, Defendant-Appellant.—(MICHAEL L. ROBERTSON *et al.*, Defendants.)

Second District    No. 79-385

Opinion filed October 22, 1980.

Jerome H. Torshen and Abigail K. Spreyer, both of Garretson & Santora, of Chicago, for appellant.

Thomas P. Stepanich, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Comet Casualty Company, a corporation (Comet), appeals from a declaratory judgment which found that the plaintiff, Charles Davidson (Davidson), was covered by liability insurance issued by Comet when his son Jeffrey was involved in an accident. In question is whether the insured had purchased a six-month or a one-year policy of insurance.

In early August 1976, Davidson went to a local insurance broker, A&A Insurance, to obtain liability insurance for an automobile, a 1967 Chevrolet. The car had been purchased in plaintiff's name, but the principal driver was to be his 17-year-old son, Jeffrey. Plaintiff did not ask for insurance with a particular company. He asked only for "the cheapest" insurance. Rudolph Pavletic, the manager of A&A, was to find an insurance company. Davidson testified that he did not specify a particular term of coverage, but that Pavletic had said it would be a year policy. Pavletic, on the other hand, testified that nearly all of A&A's policies are for six months, and that Davidson asked for a six-month policy.

A written application for an insurance policy with Comet was completed. The application requested coverage for a six-month period running from August 2, 1976, to February 2, 1977. Pavletic determined that the premium for six months would be $199, which amount included a surcharge due to Jeffrey Davidson's previous license suspensions. Davidson was told that the yearly premium would be around $336. Plaintiff tendered the $199 to Pavletic, who gave him a receipt for that amount.

Pavletic called in a binder to the office of the M. E. Pritikin Company, Comet's producer, on the evening of August 2, 1976. He then confirmed the application by forwarding a copy of the written application to Pritikin.

Comet issued an *annual* policy, naming Charles *Danson* as the insured, and describing the covered vehicle as a *1961* Chevy, based on the information in the binder form. Upon receiving the policy, Pavletic wrote to Pritikin requesting endorsements to correct the name of the insured and

the policy term. Comet issued an endorsement dated September 10, 1976, correcting the insured's name and the model year of the insured's vehicle. Upon receiving the endorsement, Pavletic again wrote to Pritikin regarding the policy term. A second endorsement, dated October 5, 1976, was issued by Comet. It changed the policy term to six months, running from August 2, 1976, to February 2, 1977.

The premium billed by Pritikin for a year policy was $339. When the policy term was changed to six months, Comet issued a $169 credit, and Pritikin in turn issued a credit to Pavletic. Pavletic determined that as the policy was issued without a surcharge, he owed plaintiff a refund of $23, which he testified he sent to plaintiff on approximately October 25, 1976. Although plaintiff testified that he never received a refund, Pavletic stated that the check was never returned as nondeliverable. According to bank records, the check was never presented for payment.

Both plaintiff and his wife denied receiving any notice that the policy was expiring, although both Comet and A&A sent reminders. Plaintiff paid no premium other than the initial $199 payment.

On February 27, 1977, plaintiff's son Jeffrey was involved in an automobile accident, and subsequently he was named as a defendant in two personal injury suits (Michael L. Robertson and Linda F. Murray v. Jeffrey Davidson and Dale Brague v. Jeffrey Davidson) filed in the circuit court of Lake County. Comet was notified about the accident, and on March 22, 1977, sent a letter to plaintiff's attorney which stated that the Comet policy had expired prior to the accident.

Plaintiff filed this declaratory judgment action in the circuit court of Lake County on December 1, 1977, requesting that Comet be ordered to defend and indemnify Jeffrey. In addition to Comet, Michael L. Robertson, Linda F. Murray, Keith D. Arnold and Dale Brague were named as defendants. We are advised in plaintiff's brief that he served only Comet. However, one of the personal injury suits, Robertson v. Davidson, was consolidated with the instant case in the trial court.

The trial court in a bench trial found that "plaintiff had procured a policy of insurance for one year commencing August 2, 1976" and had paid the premium thereon, and therefore that Jeffrey Davidson was covered by liability insurance issued by defendant Comet when he was involved in the accident on February 27, 1977.

Comet contends that the record shows, as a matter of law, that Pavletic was Davidson's agent to procure the insurance and that he requested and eventually procured a six months policy from Comet. We agree.

■■■ An insurance broker has been defined as "one who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from

any special company, but, having secured an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker." (*Galiher v. Spates* (1970), 129 Ill. App. 2d 204, 206-07.) The primary function of an insurance broker is to faithfully negotiate and procure an insurance policy according to the wishes and requirements of his client. (*Pittway Corp. v. American Motorists Insurance* (1977), 56 Ill. App. 3d 338, 346-47.) An insurance broker is the agent of the one who employs him. (*Metro Inter-Insurance v. Anthony* (1971), 1 Ill. App. 3d 612, 614.) Acts and representations made within the scope of a broker's authority as agent for the insured are binding on the insured. (*City of Chicago v. Barnett* (1949), 404 Ill. 136, 141; see also *Anfinsen Plastic Molding Co. v. Konen* (1979), 68 Ill. App. 3d 355, 360.) Generally, the question of whether an insurance broker is the agent of the insured or insurer is one of fact, to be determined from the particular circumstances of the case. However, where the evidence clearly shows that the insurance broker is the agent of the insured, it becomes a matter of law. *Galiher v. Spates* (1970), 129 Ill. App. 2d 204, 207.

Here, Davidson approached Pavletic to obtain an auto liability insurance policy for him. Davidson testified that he requested Pavletic to obtain the cheapest insurance available. Davidson did not ask Pavletic to write the policy from a particular insurance company. Davidson testified that Pavletic said that it would be a one-year policy. Pavletic testified, however, that plaintiff Davidson asked for a six-month policy, and that nearly all of A&A's policies are for six months. Davidson admitted that he knew that the policy premium for a year policy would be over $330, that he paid only $199 to Pavletic, and that he knew that he had to pay an additional amount for the year policy. It should also be noted that plaintiff testified that he "must have" received a copy of the endorsement which changed the term of the policy, and that a copy of that endorsement was attached to the plaintiff's complaint.

Davidson relies on the fact that he never received a refund from either Comet Casualty or Pavletic for the surcharge which Pavletic had computed, but which Comet did not impose, for Jeffrey's previous license suspensions. The overpayment amounted to $23.

He argues that the overpayment automatically extended the term of coverage since Pavletic was Comet's agent for purposes of refunding premiums. He reasons that once section 505 of the Illinois Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 1065.52) makes a broker the agent of the insurer for purposes of receiving premiums it follows that the broker is also the insurer's agent for transmitting refunds to the insured. Since the refund was not received, according to Davidson's testimony, the coverage was extended for an additional period.

■■ We do not agree with plaintiff's interpretation of the statute. The purpose of section 505 is to protect the public from the misappropriation of premiums by brokers. (*Zak v. Fidelity-Phenix Insurance Co.* (1965), 58 Ill. App. 2d 341, 351-52, *aff'd in part, rev'd in part on other grounds* (1966), 34 Ill. 2d 438.) "However, this particular statute neither expressly nor inferentially makes the broker the agent of the carrier to guarantee the delivery of any return premiums to the insured \* \* \*." (*Budget Premium Co. v. Inter-Insurance Exchange* (1965), 55 Ill. App. 2d 277, 281.) Furthermore, the question of liability for the broker's misappropriation of premiums is distinct from the issue involved here, namely, whether the failure to make the refund to the insured, which he claims as the fact, would have extended the policy beyond the six months duration.

Since the overpayment was initially made by miscalculation of the broker, his receipt of the refunded amount as Davidson's agent operates to limit the policy to six months, under any view of the facts.

Under the circumstances of this case, Pavletic was acting as Davidson's agent for purposes of procuring the policy of insurance for the 1967 automobile in question. Pavletic was acting pursuant to this agency relationship in obtaining the amendments to the policy, given plaintiff's awareness of the yearly premium price, and his failure to pay an amount over the initial $199 payment. Therefore, the trial court erroneously concluded that the auto liability policy issued by Comet covered the February 27, 1977, accident.

While neither party has directly raised the issue it has been brought to our attention in the briefs and argument that plaintiff failed to obtain service upon all of the parties who have either pending or potential suits arising from the accident. Two of these, Michael Robertson and Linda Murray, filed a personal injury action against Jeffrey Davidson which was consolidated with the declaratory judgment action in the trial court. Another, Dale Brague, has also filed suit against Jeffrey Davidson, but this suit was not consolidated with the declaratory judgment action. Keith Arnold, who was a passenger in the Davidson automobile at the time of the collision and who has allegedly sustained injuries, was not served and apparently did not have a case pending which could be consolidated with the declaratory judgment suit.

In a declaratory judgment action "the ultimate question of the insured's liability to the injured party is not the issue before the court." (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 157.) Nevertheless, injured claimants have substantial rights in the viability of a policy of insurance and thus their interests, generally, may not be defeated if they are not made parties defendant. (*M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 495.) Failure to join necessary parties is not fatal in all instances. (*Williams v. Madison County Mutual Automobile Insurance*

*Co*. (1968), 40 Ill. 2d 404, 408.) The issue of non-joinder of necessary parties may be raised for the first time on appeal or by the court on its own motion. (*Hobbs v. Pinnell* (1959), 17 Ill. 2d 535, 536; *Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 683.) But "[w]here an objection of nonjoinder of a necessary party is first raised after judgment, it will be denied unless such denial will have the effect of depriving the party omitted of material rights without a hearing * * * or unless the interest of the omitted party in the subject matter of the suit is so interconnected with the interests of the other parties that his presence is an absolute necessity." *Hall v. Humphrey-Lake Corp.* (1975), 29 Ill. App. 3d 956, 964.

Davidson as the declaratory judgment plaintiff joined all of the parties injured in the collision in his pleadings. As to Michael L. Robertson and Linda F. Murray, they had notice of the declaratory judgment by the consolidation of their personal injury claims and had the same kinds of interest to protect as the others not served. Neither the plaintiff nor the defendant have urged the objection of nonjoinder in the declaratory judgment action or appeal. We have been advised by counsel for the insurer in its brief and in oral argument that the omitted parties have not been deprived of material rights without an opportunity to be heard. Of course, whether this is in fact true may be determined in future litigation since an order entered without jurisdiction of an indispensable party is null and void as to him. (*Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 684.) Under the circumstances we will not *sua sponte* remand for the inclusion of necessary parties.

We therefore reverse the judgment declaring that the insurance coverage was in effect on February 27, 1977, the date of the accident, and declare that the policy afforded no coverage on that date.

Reversed.

NASH and UNVERZAGT, JJ., concur.