127 Ill. App.3d 119 (1984)
468 N.E.2d 439
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
JEFFERY R. OSS et al., Defendants (Helen Lally, Defendant-Appellant; National Ben Franklin Insurance Company, Intervening Appellant).
No. 83-983.
Illinois Appellate Court  First District (1st Division).
Opinion filed August 20, 1984.
Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, George D. Gardner, and Tyler J. Lory, of counsel), for appellant.
Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski, Susan F. Zwick, and Michael Resis, of counsel), for appellee.
Reversed and remanded.
JUSTICE CAMPBELL delivered the opinion of the court:
Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), filed this action for declaratory judgment seeking a determination whether plaintiff owed insurance coverage to defendants, Jeffery and Peter Oss, in connection with an automobile accident in *120 which William Lally, the driver of the other car, was killed. Appellant, National Ben Franklin Insurance Company (National Ben), intervened in the action on behalf of Lally, seeking a declaration that State Farm owed coverage to the Osses. Following a bench trial, the court found no insurance coverage was owed, and judgment was entered in favor of State Farm. National Ben Franklin Insurance Company appeals, claiming error in the trial court's determination that a 30-day limitation on an agent's authority to bind insurance coverage was applicable under the facts in this case.
The record discloses that on September 23, 1979, 18-year-old Jeffery Oss, the owner and driver of a 1966 Chevrolet, was involved in an automobile accident in Chicago. Peter Oss, Jeffery's father, insured two vehicles with State Farm under two separate policies. Jeffery was named as an additional insured on each of those policies. The policies were purchased through Earl Garbutt, who had been a State Farm agent for 23 years. The parties stipulated at trial that the two policies did not cover the 1966 Chevrolet owned by Jeffery.
Jeffery testified that he purchased the 1966 Chevrolet in July 1979 and that he asked his father to secure full insurance coverage for the car. Jeffery added that his father had told him that he had procured the insurance.
Peter Oss testified that he telephoned the Garbutt Agency of State Farm in order to obtain insurance coverage for Jeffery's car. Peter stated that he spoke to a woman at the agency and that he gave her the information she requested. Peter told the woman that the car belonged to his son and that he wanted the same coverage as he had under his other two policies. Peter also stated that he could not remember the woman's telling him that he needed to come into the office to obtain coverage, but he was quite sure she told him he would receive an application in the mail. Peter further testified that the woman told him there was "no problem" about the coverage and Peter believed he had obtained the insurance at that time. Peter stated that he did not send the premium deposit for the insurance to the agency because he never received the application.
Earl Garbutt testified that he would accept telephone requests for additional insurance coverage from customers who were already insured with his agency. Garbutt stated that his employee, Debbie Saputa, who answered the phone in his office, was authorized as his representative to provide insurance coverage to repeat customers pursuant to telephone requests. Because Garbutt kept no records of telephone requests for insurance, it was not possible for him to testify as to what Saputa told Peter Oss when he requested the insurance. *121 Instead, Garbutt described the standard telephone procedure for such requests. Garbutt said that Saputa was trained to tell the customers that they had 30 days within which to return the application and pay the premium deposit for the insurance. Garbutt added that Saputa was not to provide insurance over the telephone when he was not in the office.
Debbie Saputa testified that she could not deny or affirm the telephone conversation with Peter Oss. She stated, however, that if requested, she would have quoted a premium and provided insurance coverage to repeat customers over the telephone. Further, because Jeffery was an additional insured on his father's policies with the agency, she would have treated Jeffery as a repeat customer and provided insurance over the telephone. Saputa said that she would have told a repeat customer that insurance coverage would have been provided for 30 days and that the customer would have to sign an application and pay a premium deposit within those 30 days to finalize the transaction.
The trial court made the following findings of fact: that Garbutt and Saputa could provide insurance coverage for repeat customers over the telephone, but that the customer would be required to sign an application and pay a premium deposit; that Saputa told Peter Oss that there was "no problem" about coverage and that Peter believed he had full coverage; and that Jeffery believed he was insured. Based on these findings the court ruled that "the authority to bind was a limited authority to bind conditioned on the payment of a premium deposit and the receipt of a signed application" and that the authority could not exceed 30 days from the date of the telephonic binder. The court concluded that Peter and Jeffery Oss were not insured by State Farm for the accident of September 23, 1979, but that if the accident had taken place in August 1979, which would have been within the 30-day limitation period, the Osses would have been covered by State Farm. Apparently, the court concluded that any oral contract of insurance was limited to 30 days from the date of the telephone transaction.
National Ben first contends there was an unrestricted oral contract of insurance between State Farm and the Osses. National Ben asserts that the 30-day restriction on the authority to telephonically bind insurance coverage is unenforceable in this case because the restriction was not communicated to the Osses and because State Farm failed to properly process the Osses' request for insurance and therefore the Osses could not tender the required application. State Farm maintains that it had no contract of insurance with the Osses and that the trial court did not find such a contract in existence. State Farm claims that the Osses failed to introduce sufficient evidence to establish *122 the existence of a contract of insurance and, therefore, the court's finding in favor of State Farm was proper.
 1, 2 Initially, we must consider whether or not a contract of insurance existed between the Osses and State Farm. To establish a contract of insurance, evidence must be introduced to prove, at a minimum, the requisite elements of the coverage limits, the duration of the coverage and the amount of the premium. (Ross v. Thomas (1977), 45 Ill. App.3d 705, 360 N.E.2d 126.) Here, in concluding that there were no material contradictions in the testimony which was presented, the trial court apparently accepted the claim that an oral contract of insurance existed between the Osses and State Farm. The evidence supported that conclusion. Peter Oss testified that he telephoned his State Farm agent to obtain insurance for Jeffery's car and that he told Saputa he wanted "the same [coverage] as on the other cars * * * full coverage." Oss also stated that he believed he was quoted a rate for the insurance but that he could not be positive. Based on this evidence, the trial court may have been convinced that the requisite elements of a contract of insurance were proved. Moreover, the clarification by the court that "had this unfortunate incident occurred during the month of August, * * * I believe that Mr. Oss, would, in fact, have been covered by * * * [State Farm]" clearly supports the Osses' claim that there was a contract of insurance between themselves and State Farm.
 3 We now address the question whether or not coverage under the contract of insurance was limited to 30 days from the date of the telephone transaction as was apparently determined by the trial court. National Ben maintains that the 30-day limitation on authority to bind coverage cannot be enforced in this case since the limitation was never disclosed to the Osses. National Ben asserts the general rule that an insurer will not be permitted to deny coverage by claiming that an act of its agent was unauthorized unless the insured was specifically informed of the restriction on the agent's authority. (Aetna Insurance Co. v. Maguire (1869), 51 Ill. 342; Hartford Fire Insurance Co. v. Farrish (1874), 73 Ill. 166.) National Ben also asserts that State Farm cannot claim that Peter Oss was informed by Saputa of the 30-day limitation solely on the grounds that Saputa was trained to tell customers that the insurance coverage was effective for only 30 days. National Ben cites the general rule in Illinois that "proof of a regularly followed business routine is admissible providing there is some evidence that it was followed in the particular case." (Goetz v. Country Mutual Insurance Co. (1975), 28 Ill. App.3d 154, 162, 328 N.E.2d 109, 115.) It is not disputed that such particular evidence is not available in this case.
Finally, National Ben claims that the Osses should not be denied *123 coverage due to State Farm's failure to properly process the Osses' request for insurance coverage. National Ben relies on Wille v. Farmers Equitable Insurance Co. (1967), 89 Ill. App.2d 377, 232 N.E.2d 468, in support of its contention. In Wille, a case which is factually similar to the instant case, the court held that the plaintiff insurer would not be permitted to deny coverage where plaintiff's general agent failed to properly process a request for insurance which resulted in plaintiff's failure to receive the application.
After examining the record, we are persuaded by National Ben's argument that State Farm cannot be permitted to deny coverage to the Osses where the creation of a written contract of insurance was contemplated by the parties, but where, through no fault of the insureds, such a contract was never consummated. Likewise, it is untenable to maintain that the Osses should be denied coverage on the basis of a restriction which was never communicated to them. For these reasons, this case is reversed and remanded for the entry of a judgment finding that State Farm owes insurance coverage to the Osses for the accident of September 23, 1979.
Judgment reversed and remanded with directions.
GOLDBERG and McGLOON, JJ., concur.