**Joseph LAZZARA, Plaintiff,**

v.

**HOWARD A. ESSER, INC., Defendant.**

**HOWARD A. ESSER, INC., Third-Party Plaintiff,**

v.

**AETNA CASUALTY & SURETY COMPANY OF ILLINOIS, INC., and RELIANCE INSURANCE COMPANY OF ILLINOIS, INC., Third-Party Defendants.**

**No. 83 C 185.**

United States District Court, N.D. Illinois, E.D.

March 27, 1985.

---

Robert A. Downing, Richard J. O'Brien, Sidley & Austin, Chicago, Ill., for Lazzara.

Mitchell A. Orpett, Haskell & Perrin, Chicago, Ill., for Howard A. Esser, Inc.

Thomas M. Hamilton and Michael M. Marick, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Aetna Casualty & Surety Co. of Ill., Inc.

Judge & Knight, Park Ridge, Ill., for Reliance Ins. Co. of Ill., Inc.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is a diversity action governed by the substantive law of Illinois. In the underlying lawsuit, Joseph Lazzara ("Lazzara") sued Howard A. Esser, Inc. ("Esser"), an insurance broker, for breach of contract and negligence based on Esser's alleged failure to procure and maintain an agreed upon level of automobile insurance coverage for Lazzara. Presently pending before this Court are the motions of both Lazzara and Esser for reconsideration of two rulings issued by Judge Charles Kocoras in this case before it was transferred to this Court. This Court has reconsidered the rulings at issue and, for the reasons set forth below, has decided to affirm the dismissal of Esser's third-party complaint but to reverse Judge Kocoras' denial of Lazzara's motion for summary judgment.

*Facts*

Lazzara handled his insurance needs through Esser for many years. In 1973 or 1974, Esser recommended that Lazzara increase his automobile liability insurance coverage to $1 million. Lazzara agreed and instructed Esser to procure such coverage for him. Esser, acting in its corporate capacity as an insurance broker, thus contracted to obtain for Lazzara $1 million in automobile insurance. To fulfill this contract, Esser procured a primary liability policy for Lazzara with Reliance Insurance Company ("Reliance") and an excess liability policy with Aetna Casualty & Surety Company of Illinois, Inc. ("Aetna"). These policies were in force when Lazzara's insured auto was involved in an accident, and a $510,000 judgment was entered against him by a state court in Florida.

The basis for Lazzara's suit against his broker is that, at the time of the accident, a $150,000 gap existed in the coverage pro-

vided by the two policies which Esser had procured for Lazzara. The primary liability policy that Esser had obtained from Reliance covered only the first $100,000 of Lazzara's liability under the judgment; the excess liability policy that Esser had obtained from Aetna covered only liability in excess of $250,000. Thus, in arranging Lazzara's insurance coverage, Esser left a $150,000 gap, and Lazzara was compelled to make good on that portion of the judgment out of his own pocket.

Lazzara, a citizen of Alabama, sued Esser, an Illinois corporation, invoking the diversity jurisdiction of this Court. The two-count complaint asserts claims for breach of contract and negligence. After Lazzara filed his complaint, Esser filed a third-party complaint against Aetna and Reliance, attempting to impose upon them ultimate liability for the $150,000 gap on the following bases: a written indemnity agreement between Esser and the insurance companies (Counts I and V); indemnity based upon "active-passive" negligence (Counts II and VI); contribution (Counts III and VII); indemnity based on breach of agency duties and obligations (Counts IV and VIII); and, reformation of the contract with Reliance (Count IX).

After considering Esser's third party allegations against Aetna and Reliance, Judge Kocoras dismissed the third-party complaint in its entirety on February 21, 1984. The court dismissed Counts I and V because the "failure to procure" insurance claims by Esser do not fall within the strict terms of the Aetna or Reliance agreements as a matter of law. Counts II, III, VI, and VII were dismissed because the court held that an insurance company does not have a common law duty to monitor an insured's day-to-day financial affairs by inquiring into the insurance situation of the insured. Finally, Counts IV, VIII, and IX were dismissed because Esser's allegation that it was an agent of Aetna and Reliance for procuring insurance was "bare" and "conclusory" and because "it [is] clear as a matter of Illinois law that Esser was a broker which acted on behalf of Lazzara in procuring insurance." *Lazzara v. Esser*, No. 83 C 185, slip op. at 5–6 (N.D.Ill. Feb. 21, 1984).

After the third-party complaint against Aetna and Reliance was dismissed, certain discovery was completed. Thereafter, Lazzara filed his motion for summary judgment. In opposing the motion, Esser argued that a question of fact was presented on several issues:

1.  whether Esser was a broker or agent;

2.  even assuming Esser was a broker, whether plaintiff instructed Esser to provide $1 million in continuous coverage or whether plaintiff merely assumed coverage would be continuous without discussion with Esser;

3.  whether, in July, 1979, Esser properly renewed plaintiff's existing coverage pursuant to its understanding with plaintiff even if that coverage contained a gap;

4.  whether the elements of a contract to procure insurance have been established; and

5.  whether the Reliance policy provided plaintiff covered the auto involved in the accident in Florida.

Judge Kocoras stated in his October 30, 1984 ruling on the motion for summary judgment that Esser could not withstand Lazzara's motion by arguing that the loss should not have been covered under the terms of the policies because that defense is available only to an insurer, and, in this case, the two insurers agreed that the loss was a covered loss. *See Speroni v. Speroni*, 406 Ill. 28, 92 N.E.2d 63 (1950).

Judge Kocoras also held that there was no material issue of fact in dispute with respect to the terms of the agreement between Lazzara and Esser: Esser agreed to obtain $1 million in insurance coverage and to keep it in force until directed otherwise.

In response to Esser's contention that there was an issue of fact as to whether it was acting as an agent or broker, Judge Kocoras said that Esser's argument seems to "run contrary to logic and reason," but nonetheless denied the motion for summary judgment. *Lazzara v. Esser*, No. 83 C

185, slip op. at 9 (N.D.Ill. Oct. 30, 1984). In so doing, Judge Kocoras held that because Esser's commissions were allegedly paid by the insurers, it was conceivable that the trier of fact might conclude that Esser was acting as an agent for the insurance companies rather than as a broker for Lazzara. Because this issue of fact could not be resolved against Esser on the record as it stood at that time, Lazzara's motion for summary judgment was denied. The denial of Lazzara's motion has created the apparent inconsistency between the court's two rulings.

On November 26, 1984, counsel for Lazzara, Esser, and the previously dismissed third-party defendants, Aetna and Reliance, appeared before this Court for a status report. Counsel for Lazzara and for Esser both represented to this Court that Judge Kocoras's opinions of February 21, 1984 and October 30, 1984 are inconsistent. As a result, Lazzara has moved for reconsideration of the October 30th ruling, and Esser has moved for reconsideration of the February 21st ruling.

*The October 30th Ruling On The Motion For Summary Judgment*

This Court will first address Lazzara's motion to reconsider the October 30th ruling on the motion for summary judgment. As already stated, the only reason Judge Kocoras denied Lazzara's motion for summary judgment was that an issue of fact existed as to whether Esser was a broker or an agent. Judge Kocoras determined that an agreement existed between Esser and Lazzara, that the agreement was for Esser to obtain $1 million in insurance coverage and to keep it in force until told otherwise, and that Esser breached this agreement. Esser does not raise any new points in response to these determinations. Therefore, the only issue raised in Lazzara's motion to reconsider that this Court need address is whether Judge Kocoras was correct in denying summary judgment on the ground that an issue of fact remained as to whether Esser was acting as a broker or as an agent as a matter of law. This Court finds as a matter of law that

Esser was acting as a broker for Lazzara for the purpose of procuring insurance. Accordingly, Lazzara's motion to reconsider the October 30, 1984 ruling is granted and summary judgment is entered in favor of plaintiff.

Section 490 of the Illinois Insurance Code defines an "agent" as:

(a) ... an individual, firm, partnership, association or corporation appointed by an insurer to solicit, negotiate or bind coverages for or on applications or policies of insurance on its behalf, covering property or risks located in this State.

An "insurance broker" is defined as:

(b) ... an individual, firm, partnership, association or corporation, while not acting as a duly licensed insurance agent, who solicits, negotiates, procures, renews or continues a policy of insurance on behalf of insureds or prospective insureds other than himself.

■ The Illinois courts have further defined an insurance broker as "one who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment for any special company, but, having an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker." *City of Chicago v. Barnett,* 404 Ill. 136, 141–42, 88 N.E.2d 477, 481 (1949). *See also Galiher v. Spates,* 129 Ill.App.2d 204, 206–07, 262 N.E.2d 626, 628 (4th Dist. 1970); *Davidson v. Comet Casualty Co.,* 89 Ill.App.3d 720, 44 Ill.Dec. 943, 412 N.E.2d 19 (2d Dist.1980). An insurance agent, on the other hand, has a fixed and permanent relation to the company he represents and has certain duties and allegiances to such companies. *Galiher,* 129 Ill.App.2d at 207, 262 N.E.2d at 628.

■ Whether a person is an agent or a broker is determined by his acts or what he does. *City of Chicago v. Barnett,* 404 Ill. 136, 141–42, 88 N.E.2d 477, 481 (1949). A four-prong test has been developed to de-

termine whose interest a broker is representing:

1. Who set him in motion first?
2. Who could control his actions?
3. Who pays him?
4. Whose interest was he to protect?

*Roby v. Decatur Steel Erectors, Inc.,* 59 Ill.App.3d 720, 725, 59 Ill.Dec. 71, 75, 375 N.E.2d 1355, 1359 (4th Dist.1978). Although the question of whether an insurance broker is the agent of the insured or insurer is generally one of fact, where the evidence shows clearly he is the agent of the insured, it becomes a question of law.[1] *Davidson,* 89 Ill.App.3d at 723, 44 Ill.Dec. at 946, 412 N.E.2d at 22; *Ross v. Thomas,* 45 Ill.App.3d 705, 4 Ill.Dec. 379, 360 N.E.2d 126 (4th Dist.1977); *Galiher,* 129 Ill.App.2d at 207, 262 N.E.2d at 628.[2]

For example, in *Davidson v. Comet Casualty Co.,* 89 Ill.App.3d 720, 44 Ill.Dec. 943, 412 N.E.2d 19 (2d Dist.1980), the plaintiff Davidson went to the local insurance broker to obtain car insurance. Plaintiff did not ask for insurance with a particular company, but rather asked only for the "cheapest" insurance. The manager of the insurance agency, Pavletic, was to find an insurance company. Pavletic was contact-

ed and directed to protect the interests of the insured, Davidson. The court held that, by these facts alone, Pavletic was acting as Davidson's agent (i.e., as a broker) *for purposes of procuring* the policy of insurance in question. *Id.* at 724, 44 Ill.Dec. at 947, 412 N.E.2d at 23. *See also Ross v. Thomas,* 45 Ill.App.3d 1106, 4 Ill. Dec. 379, 360 N.E.2d 126 (4th Dist.1980).

Similarly, in *Galiher v. Spates,* 129 Ill. App.2d 204, 262 N.E.2d 626 (4th Dist.1970), the plaintiff applied to Best Insurance Agency for auto insurance. Best could have applied to several companies for the insurance, but chose Kenilworth Insurance Co. The court found that Best was set in motion by the plaintiff and was directed by him to protect his interests. Furthermore, the facts wholly failed to show a principal-agent relationship between Kenilworth and Best. Accordingly, the court upheld summary judgment for Kenilworth because Best was the agent of the plaintiff rather than Kenilworth as a matter of law. *Id.* at 207–08, 262 N.E.2d at 628.

■ In the present case, the documents before this Court clearly show that Esser was acting as Lazzara's broker for the purpose of procuring the insurance.[3] As in

---

1. Esser cites *Browder v. Hanley Dawson Cadillac Co.,* 62 Ill.App.3d 623, 20 Ill.Dec. 138, 379 N.E.2d 1206 (1st Dist.1978), for the proposition that whether the broker is an agent for the insured, the insurer, or both is actually a question of fact. *Browder,* however, does not contradict the rule that where the evidence clearly shows that the insurance broker is the agent of the insured, it becomes an issue of law because in *Browder* a substantial question existed as to whose agent the car dealer was. In *Browder,* the plaintiff went to Hanley Dawson to buy a used car. As part of the financing agreement, the plaintiff bought credit life and credit disability insurance. These policies insured that in the event of the plaintiff's death or continuing disability, the indebtedness to the financing company would be satisfied. Thus, the plaintiff went to Hanley Dawson for the purpose of buying a car, not insurance, as in the present case. Moreover, it is unclear as to who controlled the car dealer's actions; given the nature of car sales, the plaintiff probably had little say in the matter. Finally, the interest sought to be protected was primarily the financing company's interest rather than that of either the insured or insurer. Thus, because the evidence in *Browder*

was unclear as to whose agent the car dealer was, the court there properly held it to be a question of fact rather than a question of law.

2. *Accord Augustine v. First Federal Savings & Loan Ass'n of Gary,* 270 Ind. 238, 384 N.E.2d 1018 (1979); *Karam v. St. Paul Fire and Marine Ins. Co.,* 265 So.2d 821 (La.App.1972), *aff'd,* 281 So.2d 728 (S.Ct.La.1973). In *Augustine,* the Indiana Supreme Court, considering only the pleadings in the case and the agency agreement involved, held that because the insurance intermediary "wrote insurance policies for various insurance company," it therefore "was a broker." *Augustine,* 270 Ind. at 243–44, 384 N.E.2d at 1021. In *Karam,* the court held that when a broker places insurance with different companies, is not employed exclusively by any insurer, and when undertaking to procure insurance coverage for particular insureds is able to place the policy with any insurance, that broker acts solely as agent for the insured in procuring the policy of insurance. *Karam,* 265 So.2d at 825.

3. In the present case, Esser alleges that at all times relevant to the plaintiff's complaint, Esser acted pursuant to and within the scope of its

*Davidson* and *Galiher*, Esser was set in motion by Lazzara. Also, Lazzara was the person who could control Esser's actions. It was Lazzara who ordered Esser to obtain the $1 million insurance policy. Esser was contacted and directed by Lazzara to protect the interests of Lazzara, not the insurers.

Moreover, that Esser received its commission checks from Aetna and Reliance is not a factor that supports Esser's assertion that it did not act as Lazzara's broker.[4] The contracts between Esser and Aetna and Reliance provided that the commissions would be derived from the premiums paid by Lazzara, as required by Illinois law. Ill.Rev.Stat. ch. 73, § 1065.40. In fact, for at least the first premium payment, Lazzara paid Esser the premium, who in turn paid the insurance companies, *after* deducting its commission.

For renewal premiums, both insurance companies provided a plan whereby they would directly bill the insured and then pay Esser its commission out of the premiums received. Esser had admitted in its complaint that the policies were renewed through it.[5] Even if Esser took advantage of this plan, however, the plan was merely one of convenience for both Esser and the insurers and does little to demonstrate that Esser was an agent for the insurers for the purpose of *procuring insurance.*[6]

Furthermore, nothing in the pleadings or record justifies finding an agency relationship between Esser and the insurers for the relevant purpose at issue here, i.e., for the purpose of procuring and renewing insurance. Esser has given no evidence of a "fixed or permanent" relationship between itself and the insurers. *Ross v. Thomas*, 45 Ill.App.3d 705, 4 Ill.Dec. 379, 360 N.E.2d 126 (4th Dist.1977). Esser was permitted to solicit from any potential insured it desired. Neither company placed restrictions on the number of carriers for which Esser could act as a broker. Neither company required that Esser broker a particular amount of business annually. Esser, and not the insurers, was responsible for the accounting and payment of premiums, and Esser was not paid a salary, but was compensated by commissions earned when insurance was purchased by an insured Esser had solicited.

Esser has cited the case of *Gieseke v. Hardware Dealers Mutual Fire Insurance Co.*, 46 Ill.App.2d 131, 195 N.E.2d 32 (2d Dist.1963) as support for its assertion that it was acting as an agent for the insurers. *Gieseke*, however, merely serves to illustrate the flaw of Esser's arguments. In *Gieseke*, plaintiff's complaint against the agent Wallensack alleged that they had contracted to procure insurance for plaintiff's son containing the same death benefit provision as plaintiff himself had, that Wallensack told plaintiff he would take care of obtaining that insurance, and that the poli-

actual and implied authority as agent of Aetna and Reliance. Thus, in determining whether Esser was acting as agent or broker, this Court must first determine the scope of "all times relevant to the plaintiff's complaint." The relevant period of time, as indicated by Lazzara's complaint, was when "Esser acted as the insurance broker for Lazzara for the purpose of obtaining, *inter alia*, policies of liability insurance with respect to Lazzara's automobiles." (Complaint, ¶ 5.)

4. Given the myriad schemes of premium and commission payments insurance companies presently have with agents, general agents, and brokers, it is questionable whether who pays whom is even relevant in determining whether the intermediary is a broker or agent. In fact, Illinois statutory law allows insurers to pay licensed brokers and not just agents. Ill.Rev.Stat.

ch. 73, § 1065.40. Also, the cases cited in the text, in determining that the intermediary was a broker as a matter of law, did not consider the question of who paid the broker. Because some cases do list who pays whom as a factor in determining agency, and because Judge Kocoras cited it as a factor in his October 30th ruling, this Court must examine this factor.

5. (Third-Party Complaint, ¶¶ 4–7.) If this means Lazzara paid Esser and after which Esser paid the insurers, then, at least under the Reliance agreement, Esser would deduct its commission from the premium before turning over the premium to the insurers.

6. Under the present facts, the premium and commission payment plans are, at best, an indication that Esser was the insurer's agent for the purpose of *collecting premiums.*

cy issued contained no death benefit. When plaintiff's son was killed in an accident, the insurer refused to pay a death benefit. Judgment against Wallensack after the son's death was reversed because plaintiff *knew* him to be the agent of the insurer and because of the principle that an agent was not personally liable when acting within the scope of that agency. The facts of *Gieseke* clearly demonstrate, however, that Gieseke worked only for Hardware Dealers Mutual and that Wallensack had a fixed and permanent relationship with the insurer. Moreover, Gieseke knew Wallensack worked for Hardware Dealers Mutual and specifically requested Wallensack to obtain the exact same Hardware Dealers Mutual policy as he had.

By contrast, here Lazzara did not request a specific insurer. Nor did he know exactly from which insurers Esser could obtain policies. Esser cannot demonstrate the same fixed and permanent relationship as that in *Gieseke* in this case.

In summary, consideration of the totality of the relevant considerations compels a finding that Esser acted as Lazzara's broker for the purpose of obtaining insurance as a matter of law. Accordingly, Lazzara's motion to reconsider the October 30, 1984 ruling is granted and summary judgment is entered in favor of plaintiff on his complaint in the amount of $150,000.

*Reconsideration Of The February 21st Ruling*

Esser's motion for reconsideration asks that the entirety of Judge Kocoras's February 21st ruling dismissing its third-party complaint against Reliance and Aetna be reconsidered; however, Esser does not raise any new issues that Judge Kocoras did not already consider except the inconsistency between the two rulings as to Esser's agency. The question of Esser's agency effects only Counts IV, VIII, and IX of his third-party complaint; therefore, Esser's motion for reconsideration is denied as to Counts I, II, III, V, VI, and VII.

As to Counts IV, VIII, and IX, this Court shall consider Aetna's and Reliance's motions to dismiss as motions for summary judgment, pursuant to Federal Rule 56, thus adopting and incorporating all pleadings, briefs, and other supporting materials presented to this Court.

This Court has already determined for the reasons stated above that Esser was Lazzara's broker for the purpose of procuring insurance as a matter of law. It is not necessary to repeat that analysis. Therefore, Judge Kocoras's ruling dismissing Esser's third-party complaint is affirmed, and summary judgment is hereby entered dismissing the complaint against Aetna and Reliance. It is so ordered.