**AMERICAN INSURANCE CORP., a New Jersey Corp., Plaintiff-Appellee,**

v.

**Dorothy SEDERES, Defendant-Appellant.**

No. 86–1063.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1986.

Decided Dec. 23, 1986.

William Wallace Schooley, Jr., Granite City, Ill., for defendant-appellant.

Allen D. Churchill, Churchill & McDonnell, Belleville, Ill., for plaintiff-appellee.

Before POSNER and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Dorothy Sederes appeals from a judgment entered by a magistrate[1] which declared that plaintiff did not issue an insurance policy under which it owed a duty to provide worker's compensation coverage arising from the death of Chester Sederes.[2] Mrs. Sederes contends that the policy did, in fact, cover her husband, who was killed while piloting a charter flight on November 18, 1981. Jurisdiction is founded in diversity, and all parties agree that Illinois law governs.

Chester Sederes began working as a charter pilot for Synergistic Flight Systems (Flight) on November 5, 1981. Flight had been incorporated in September, 1981 by Franc Richardson. In 1980 and 1981, Richardson had operated a financial consultation service as Franc Richardson d/b/a Richardson Service Corporation (RSC) and had also conducted business as Franc Richardson d/b/a Synergistic Financial Systems (Financial). RSC was incorporated on November 2, 1981 and an assumed name certificate was filed on November 5 by RSC d/b/a Financial. Financial leased planes to other businesses and apparently hired several pilots to shuttle Financial's clients around the country. Richardson later decided to go into the air charter business and formed Flight to meet FAA regulations and run the charter business.

Richardson had previously obtained personal insurance from Earl E. Zimmerman and Company, Inc. (Zimmerman). Richardson was familiar with several of the people working at Zimmerman, and also obtained business insurance from them. On July 14, 1981, Richardson obtained worker's compensation insurance from Fireman's Fund for the clerical employees of Financial. All of the work to obtain this policy was done by Zimmerman and the policy was issued to Franc Richardson d/b/a Synergistic Financial Services, Ltd. Fireman's Fund contends that the named insured was a sole proprietorship or individual d/b/a Financial.

On August 14, 1981, an endorsement was issued adding corporate pilots to Financial's worker's compensation policy. The endorsement's code classification was "7421," indicating the operation of a flight service to transport corporate personnel and clients. One or more pilots, however, actually worked for Flight's air charter business. Richardson asserts that he informed Guffy and Scheibel, employees of Zimmerman, that a new corporation was beginning a charter service and he needed worker's compensation coverage for the charter pilots. Guffy and Scheibel were apparently aware an air charter service was involved, but neither determined that "7422" was the correct code classification for such a service. Scheibel denied being

---

1. The parties agreed to trial before a magistrate pursuant to 28 U.S.C. § 636(c).

2. Plaintiff is American Insurance Corporation, which issued the policy involved in this action. It is a wholly-owned subsidiary of Fireman's Fund (Fireman's). There have been so many references to Fireman's Fund as the alleged insurer that we shall refer to plaintiff as Fireman's Fund. Fireman's Fund had sued for a declaration of the parties' rights and duties under a policy it had issued to Synergistic Financial Services (Financial) after Mrs. Sederes filed a claim adjustment with the Illinois Industrial Commission for worker's compensation benefits. Synergistic Flight Systems (Flight), Financial, and Mrs. Sederes appeared as defendants, but Mrs. Sederes is the only one to appeal. Zimmerman, through whom the policy was obtained, was not a party to the action.

told that a separate corporation was involved.

Fireman's approved the "7421" endorsement based upon information received from Zimmerman that pilots were to be added to Financial's payroll. Fireman's does not insure charter pilots ("7422") because charter flight insurance is considered a specialized area in which Fireman's lacks the necessary expertise to do business. Following Mr. Sederes' death, Fireman's audited Richardson, determined that Financial, the corporation, employed most of the people working for Franc Richardson; found that there were no employees of Financial, the sole proprietorship, and thus, no one was covered under the policy; returned the premium; and cancelled the policy.

Mrs. Sederes argues that Flight and Financial were really one entity, and that a policy covering the corporate pilots of Financial must also be held to cover Flight's charter pilots. She then argues that Zimmerman was the agent of Fireman's, and any knowledge obtained by Zimmerman from Richardson was imputed to Fireman's. Mrs. Sederes asserts that, by reason of imputed knowledge, Fireman's knew that Financial and Flight were the same entity and were operating an air charter service. Thus, Fireman's should be estopped from contending that "7421" was the wrong code for the air charter service, and should be required to provide worker's compensation coverage for her husband's death. Fireman's argues that Flight and Financial were separate entities and that the policy it issued covered only employees of Financial. Fireman's further contends that even if Flight and Financial were the same entity, no knowledge can be imputed to Fireman's that the charter service was involved, since Zimmerman was an agent of Richardson, not an agent of Fireman's. It argues that since it did not know an air charter service was involved, and this information materially affected the risk, the policy is void as to any charter pilots even if their employer was an insured.

The magistrate determined, in extensive findings of fact, that the corporate veil

between Financial and Flight should be pierced; that Zimmerman was an agent of Richardson; that Zimmerman mischaracterized the type of coverage needed; and that Richardson was liable to Mrs. Sederes for the coverage. Flight and Financial moved for a new trial, reconsideration, or amended judgment, contending that the magistrate erred in finding that Richardson was liable when he was not named as a party, and that Zimmerman was the agent of Richardson. Mrs. Sederes made a similar motion, contending that the magistrate erred in finding that Zimmerman was Richardson's agent, and Fireman's was therefore not estopped from denying coverage. The magistrate denied Mrs. Sederes' motion and granted Flight's and Financial's motion to exclude Richardson and to refrain from piercing the corporate veil. Interestingly, the magistrate's amended order retained identical findings of fact regarding the piercing of the corporate veil between Flight and Financial, and held that "there was in reality only one business," but his conclusion and the amended judgment state that Flight and Financial were separate business entities. This apparent disparity between the findings of fact and the amended judgment is, however, unimportant on this appeal.

We need not decide whether Flight and Financial should be deemed one entity, and therefore the insured in the policy, because of our conclusion, below, that the activity of charter flight operation was not covered in any event. But because of the confusion on the issue, arising from the disparity between the order on reconsideration and the judgment, and because further litigation between some of the parties is at least possible, and the alter ego issue might then be significant, we vacate that part of the judgment which declares that Flight and Financial are separate entities, and the findings relevant to that declaration.

▮ In Illinois, an insurance agent can be the agent of the insurer, the agent of the insured, or, in some circumstances, the agent of both. Ill.Rev.Stat. ch. 73 ¶ 1065.-37 (1983); *Ross v. Thomas*, 45 Ill.App.3d

705, 708, 4 Ill.Dec. 379, 381, 360 N.E.2d 126, 128 (1977); *Galiher v. Spates,* 129 Ill.App.2d 204, 207, 262 N.E.2d 626, 628 (1970). Whether an insurance intermediary is an agent of the insured or an agent of the insurer is generally a question of fact. *Lazzara v. Esser,* 802 F.2d 260, 264 (7th Cir.1986); *Davidson v. Comet Casualty Co.,* 89 Ill.App.3d 720, 723, 44 Ill.Dec. 943, 946, 412 N.E.2d 19, 22 (1980); *Ross,* 45 Ill.App.3d at 708, 4 Ill.Dec. at 381, 360 N.E.2d at 128; *Galiher,* 129 Ill.App.2d at 207, 262 N.E.2d at 628. An insurance broker, or agent of the insured, is defined by Illinois courts as:

> [O]ne who procures insurance and acts as middleman between the insured and the insurer, and solicits insurance business from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the insured, or, in the absence of any selection by him, with the company selected by such broker.

*Galiher,* 129 Ill.App.2d at 206–07, 262 N.E.2d at 628; *see, e.g., City of Chicago v. Barnett,* 404 Ill. 136, 141–42, 88 N.E.2d 477, 481 (1949); *Davidson,* 89 Ill.App.3d at 722–23, 44 Ill.Dec. 946, 412 N.E.2d at 22; *Browder v. Hanley Dawson Cadillac Co.,* 62 Ill.App.3d 623, 628–29, 20 Ill.Dec. 138, 142, 379 N.E.2d 1206, 1210 (1978). An insurance agent, on the other hand, has a fixed and permanent relationship to an insurance company that the agent represents, and has certain duties and allegiances to that company. *Lazzara,* 802 F.2d at 264; *see Roby v. Decatur Steel Erectors, Inc.,* 59 Ill.App.3d 720, 725, 17 Ill.Dec. 71, 75, 375 N.E.2d 1355, 1359 (1978); *Galiher,* 129 Ill.App.2d at 207, 262 N.E.2d at 628. Whether a person is an agent or a broker is determined by his or her acts. *Lazzara,* 802 F.2d at 263; *see Barnett,* 404 Ill. at 141–42, 88 N.E.2d at 481; *Browder,* 62 Ill.App.3d at 629, 201 Ill.Dec. at 142, 379 N.E.2d at 1210; *Gali-*

*her,* 129 Ill.App.2d at 207, 262 N.E.2d at 628.

■ Zimmerman and Fireman's had entered into an "agency agreement" that detailed Zimmerman's authority. This agreement refers to Zimmerman as "our agent" to offer and receive proposals for insurance, and "our agent" to exercise authority within Illinois. The agreement does not include a promise by Zimmerman to sell only for Fireman's and its subsidiaries, and does not expressly indicate whether Zimmerman is permitted to sell for other companies. It does, however, detail the procedures and restrictions that Zimmerman must abide by or risk ending the agreement. On the face of the agreement it may well appear that Zimmerman is Fireman's agent, at least for those purposes listed in the agreement. However, *Lazzara* must be based on a proposition of Illinois law that the existence of a similar agency agreement does not control, but is just one of many facts bearing on the question whether the general principles of agency apply between an insurer and an "insurance agent." *Lazzara,* 802 F.2d at 264. An intermediary may be called an "insurance agent" without being an "agent" of the insurer for the application of all principles of the law of agency.

■ *Lazzara* determined that the proper manner to discern whether an insurance agent is an agent of the insured or the insurer is by applying a four-part test used by some of the Illinois appellate courts. The four inquiries are: (1) who put the agent in motion; (2) who controls the agent's actions; (3) who pays the agent,[3] and (4) whose interest does the agent represent. *Lazzara,* 802 F.2d at 264; *see Browder,* 62 Ill.App.3d at 629, 201 Ill.Dec. at 143, 379 N.E.2d at 1211; *Roby,* 59 Ill.App.3d at 725, 17 Ill.Dec. at 75, 375 N.E.2d at 1359.

■ Under the first inquiry, it was not clearly erroneous for the magistrate to conclude that Richardson put Zimmerman in

---

**3.** Judge Cudahy noted in *Lazzara* that this factor is probably not given much weight because insurers are allowed to pay brokers under Illinois

law. *Lazzara,* 802 F.2d at 264 n. 1; Ill.Rev.Stat. ch. 73 ¶ 1065.40 (1983).

motion to procure insurance for his business. Richardson had approached Zimmerman to purchase multi-peril business insurance, and also sought appropriate worker's compensation coverage from Zimmerman. The magistrate was also not clearly erroneous in answering the second inquiry the same way; Richardson controlled Zimmerman's actions. Each time Richardson needed coverage, he told Zimmerman what he needed, and then let Zimmerman procure a suitable policy. He could have requested coverage from any of the listed companies, but chose instead to instruct Zimmerman to get the best deal for him. The third inquiry is not applicable here;[4] but the magistrate's answer to the fourth was also not clearly erroneous. Richardson was the one whose interest Zimmerman protected. Zimmerman procured auto insurance from one company for Richardson, presumably because the coverage and premium were the most beneficial for Richardson. Later, when Richardson needed business insurance, Zimmerman did not protect the interest of the first insurer, but chose from among seven or eight companies, and procured a multi-peril policy from Fireman's Fund. Zimmerman chose Fireman's Fund because that policy best served Richardson's interest. Under this four-part test, it was not clearly erroneous for the magistrate to conclude that Zimmerman is the agent of Richardson, not of Fireman's.

In addition to the *Lazzara* analysis, under the *Galiher* definition, Zimmerman solicited business from the general public (Richardson) under no employment from any specific company. Zimmerman secured orders and placed them with the company selected either by the insured, or by itself. Zimmerman did not have a fixed and permanent relationship to one insurance company, and although Zimmerman had certain duties to Fireman's, it had no exclusive allegiances to that insurer. Again, that Zimmerman is an agent of Richardson was not a clearly erroneous finding.

Since Zimmerman is not Fireman's agent, its knowledge about the true nature of the flight service cannot be imputed to Fireman's. Had Fireman's known the air service was a charter service, it would not have issued the policy. Illinois law requires full disclosure of all relevant information by the applicant for insurance. *See Apolskis v. Concord Life Ins. Co.*, 445 F.2d 31, 35 (7th Cir.1971), *citing Stipcich v. Metropolitan Life Ins. Co.*, 277 U.S. 311, 316–17, 48 S.Ct. 512, 513, 72 L.Ed. 895 (1928). "The relationship between an applicant and an insurer requires good faith on the part of the applicant.... The applicant has an obligation ... to notify the insurer of any changed condition materially affecting the risk during the pendency of application...." *Carroll v. Preferred Risk Ins. Co.*, 34 Ill.2d 310, 215 N.E.2d 801, 802 (1966), *citing Stipcich*, 277 U.S. at 316, 48 S.Ct. at 513. In this case, Richardson and Zimmerman did not fulfill their obligation to notify Fireman's of the true nature of the charter service, or of the change in the air enterprise if it did change from a corporate flying operation to an air charter service.

If the withheld information would materially affect the risk, it does not matter whether the failure to inform Fireman's was made fraudulently or in good faith. Under Illinois law, no "misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of risk or the hazard assumed by the company." Ill.Rev. Stat. ch. 73 ¶ 766 (1965). This language is interpreted by the Illinois Supreme Court to "requir[e] a misrepresentation with intent to deceive; or, alternatively, one which materially affects the risk." *Allstate Ins. Co. v. National Tea Co.*, 25 Ill.App.3d 449, 458, 323 N.E.2d 521, 527 (1975), *citing Campbell v. Prudential Ins. Co. of America*, 15 Ill.2d 308, 155 N.E.2d 9 (1958). Misrepresentation will void a policy if it is "false and material to the risk, even

---

4. The agency agreement between Zimmerman and Fireman's allowed for both agency and customer billing, so this factor is unimportant in the case at bar.

though the applicant acted through mistake or in good faith." *Weinstein v. Metropolitan Life Ins. Co.,* 389 Ill. 571, 577, 60 N.E.2d 207, 210 (1945); *see also Apolskis,* 445 F.2d at 35. "Actual intent to deceive need not be established if the misrepresentation materially affected the acceptance of risk...." *American Nat'l Bank & Trust Co. v. Certain Underwriters,* 444 F.2d 640, 646 n. 5 (7th Cir.1971), *citing Campbell,* 15 Ill.2d 308, 155 N.E.2d 9.

 Misrepresentation is defined in *Weinstein* as:

> a statement of something as a fact which is untrue and material to the risk, and which the insured states [either] knowing it to be untrue, in an attempt to deceive, or which he states positively is true without knowing it to be true and which has a tendency to mislead.

389 Ill. at 577, 60 N.E.2d at 210. Materiality is determined by asking "whether reasonably careful and intelligent men would have regarded the fact stated as substantially increasing the chances of the event insured against, so as to cause a rejection of the application or different conditions." *Id.* The magistrate found that if Fireman's had known that Richardson was in the air charter business, it would not have written the worker's compensation policy. And even if it had written the policy, it would have placed upon it a higher premium. The magistrate thus determined that characterization of the flight service was a material fact and that failure to inform Fireman's of its true nature was a misrepresentation within *Weinstein.* Under *Weinstein,* Fireman's can rescind the policy as to the charter pilots. *See also Good v. National Life and Accident Ins. Co.,* 37 Ill.App.3d 831, 834, 347 N.E.2d 460, 462 (1976).

Fireman's did issue a policy to cover corporate pilots employed by Financial. The policy was valid as applied to such pilots. The policy was not written to cover a charter service.

Mrs. Sederes' estoppel argument must fail because Fireman's had no knowledge that Richardson was operating an air charter service. Any prejudicial reliance by Richardson, the insured, would have been the result of Zimmerman's action or non-action, not that of Fireman's. *See National Discount Shoes v. Royal Globe Ins. Co.,* 99 Ill.App.3d 54, 59, 54 Ill.Dec. 263, 267, 424 N.E.2d 1166, 1170 (1981).

The judgment appealed from is VACATED as to those portions that declare that Financial and Flight are separate entities. The judgment is AFFIRMED in all other respects. We award no costs on appeal to either party.