576 N.E.2d 563 (1991)
216 Ill. App.3d 1093
159 Ill.Dec. 894
A & B FREIGHT LINE, INC., Plaintiff-Appellant,
v.
Ray RYAN et al., Defendants (West Bend Mutual Insurance Company, Defendant-Appellee).
No. 2-90-1464.
Appellate Court of Illinois, Second District.
July 30, 1991.
Rehearing Denied August 30, 1991.
*565 Reese & Reese, Randall K. Reese, William E. Gottfred, Rockford, for A & B Freight Line, Inc.
Tressler, Soderstrom, Maloney & Priess, James K. Borcia, John Maniatis, Daniel R. Formeller, Jacqueline A. Criswell, Chicago, for West Bend Mut. Ins., Co.
Presiding Justice REINHARD delivered the opinion of the court:
On September 4, 1987, A & B Freight Line, Inc., plaintiff, brought suit in the circuit court of Winnebago County against West Bend Mutual Insurance Co. (defendant) and other defendants not parties to this appeal. Plaintiff alleged that Ray Ryan, the owner of Dean Lyman Agency, acted as an agent for defendant and that during the agency Ryan overbilled plaintiff $451,425.14 for insurance policies issued by defendant. Defendant later filed a counterclaim against plaintiff for certain premiums it alleged are owed. On November 11, 1989, plaintiff moved for summary judgment, and on May 15, 1990, defendant filed a cross-motion for summary judgment, both on the original complaint. On November 29, 1990, the trial court granted defendant's motion for summary judgment, and plaintiff appeals pursuant to Supreme Court Rule 304(a) (134 Ill.2d R. 304(a)).
The sole issue plaintiff raises on appeal is whether the trial court erred in entering summary judgment for defendant.
The record, including depositions on file, reveals the following facts. At one time, defendant employed Ray Ryan as a regional sales manager. Ryan is also the brother-in-law of John R. Dedrick, the president of defendant. In 1978, Ryan became the sole shareholder of the Dean Lyman Agency (Lyman), an independent insurance broker. Defendant and Lyman had an agency agreement which authorized Lyman to bind defendant to a policy with an insured. As an agent, Lyman, through Ryan, was authorized to bill and collect premiums and to sign and deliver endorsements on behalf of defendant, although Ryan was not authorized to prepare endorsements. Although Lyman had agency agreements with 10 insurance companies, a majority of Lyman's business was transacted with four or five companies, and most of Lyman's business was with defendant. Ryan was compensated by receiving a commission calculated as a percentage of the premium an insured paid defendant.
In 1982, plaintiff obtained insurance through Ryan from defendant, although Ryan could have procured insurance from several other companies. From 1982 to 1987, all insurance that plaintiff obtained through Ryan was from defendant, and plaintiff did not know that Ryan could obtain insurance from any other insurance company. Also, the only insurance company Ryan mentioned was defendant. During the time that Ryan obtained insurance for plaintiff, Ryan would deliver the policies to plaintiff, bill plaintiff for the policies and collect the premiums from plaintiff. According to Bruce Shelton, an employee of plaintiff, Ryan said that he was West Bend's representative. Shelton believed that Ryan was "an employee in essence of [defendant]."
In 1987, plaintiff felt that there were discrepancies between what it had been paying for insurance and what the coverage actually cost. On July 14, 1987, Ryan was confronted with the discrepancies, and he confessed to the overbilling. Plaintiff alleges that, as a result of Ryan's activities, plaintiff had been overbilled $451,425.41.
Because this case was determined on a motion for summary judgment, we initially note the proper standard to be applied. A motion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill.Rev.Stat. 1989, ch. 110, par. 2-1005(c).) The purpose of summary judgment is to determine *566 whether there are any issues of triable fact. (Purtill v. Hess (1986), 111 Ill.2d 229, 240, 95 Ill.Dec. 305, 489 N.E.2d 867.) Although the use of summary judgment is to be encouraged to aid in the expeditious disposition of a lawsuit, summary judgment is a drastic means of disposing of litigation and, therefore, should be allowed only when the right of the moving party is clear from doubt. (Purtill, 111 Ill.2d at 240, 95 Ill.Dec. at 309, 489 N.E.2d at 871.) To determine the presence of a genuine issue of material fact, courts must construe the pleadings, depositions, admissions, exhibits and affidavits on file strictly against the movant and liberally in favor of the opponent. (Purtill, 111 Ill.2d at 240, 95 Ill.Dec. at 309, 489 N.E.2d at 871.) An order granting summary judgment will be reversed if the pleadings, depositions and admissions show that a genuine issue as to a material fact existed (Adkins v. Sarah Bush Lincoln Health Center (1989), 129 Ill.2d 497, 506, 136 Ill.Dec. 47, 544 N.E.2d 733) or if the judgment for the movant was incorrect as a matter of law (United States Fidelity & Guaranty Co. v. Wilkin Insulation Co. (1989), 193 Ill.App.3d 1087, 1092, 140 Ill.Dec. 907, 550 N.E.2d 1032; International Amphitheatre Co. v. Vanguard Underwriters Insurance Co. (1988), 177 Ill.App.3d 555, 571, 126 Ill.Dec. 808, 532 N.E.2d 493).
Plaintiff contends that the trial court erred in determining that Ryan was plaintiff's agent when it granted summary judgment for defendant. Plaintiff asserts that under both Roby v. Decatur Steel Erectors, Inc. (1978), 59 Ill.App.3d 720, 17 Ill. Dec. 71, 375 N.E.2d 1355, and section 505 of the Illinois Insurance Code (Ill.Rev.Stat. 1983, ch. 73, par. 1065.52 (repealed by Pub. Act 81-999, § 4.4, eff. October 1, 1987)) Ryan was an agent of defendant. Defendant contends that the trial court by granting its motion for summary judgment correctly concluded that Ryan was plaintiff's agent. Alternatively, defendant contends that even if it was Ryan's principal, it cannot be held liable for his acts because he was acting outside the scope of his authority.
The question of whether an insurance broker is an agent for the insured, the insurer, or both is generally a question of fact. (Browder v. Hanley Dawson Cadillac Co. (1978), 62 Ill.App.3d 623, 629, 20 Ill.Dec. 138, 379 N.E.2d 1206.) However, when the evidence clearly shows that the insurance broker is the agent of the insured, the issue becomes a question of law. Davidson v. Comet Casualty Co. (1980), 89 Ill.App.3d 720, 723, 44 Ill.Dec. 943, 412 N.E.2d 19.
Independent insurance agents possess a certain duality which allows them to act as both agents and brokers. (Zannini v. Reliance Insurance Co. (1990), 206 Ill.App.3d 910, 916, 151 Ill.Dec. 847, 565 N.E.2d 118, appeal allowed (1991), 137 Ill.2d 673, 156 Ill.Dec. 569, 571 N.E.2d 156.) Although earlier case law drew a distinction between insurance agents and insurance brokers (see, e.g., DeGraw v. State Security Insurance Co. (1976), 40 Ill. App.3d 26, 33, 351 N.E.2d 302; Lynn v. Village of West City (1976), 36 Ill.App.3d 561, 564-65, 345 N.E.2d 172; Galiher v. Spates (1970), 129 Ill.App.2d 204, 206, 262 N.E.2d 626), a person's conduct and not title determines the relationship between the independent insurance agent, the insured and the insurer. (Zannini, 206 Ill. App.3d at 916, 151 Ill.Dec. at 851, 565 N.E.2d at 122; Krause v. Pekin Life Insurance Co. (1990), 194 Ill.App.3d 798, 805, 141 Ill.Dec. 402, 551 N.E.2d 395.) Under certain circumstances, an independent insurance agent may be an agent of both the insured and the insurer. See City of Chicago v. Barnett (1949), 404 Ill. 136, 142, 88 N.E.2d 477; International Administrators, Inc. v. Life Insurance Co. of North America (N.D.Ill.1982), 553 F.Supp. 82, 85.
Illinois Appellate Court decisions have adopted four factors to consider in determining whether an independent insurance agent was acting as the agent of the insured or insurer: (1) who first set the agent in motion; (2) who controlled the agent's action; (3) who paid the agent; and (4) whose interests the agent was attempting to protect. Zannini, 206 Ill.App.3d at 916, 151 Ill.Dec. at 851, 565 N.E.2d at 122; *567 Krause, 194 Ill.App.3d at 805, 141 Ill.Dec. at 406, 551 N.E.2d at 399; Roby v. Decatur Steel Erectors, Inc. (1978), 59 Ill.App.3d 720, 725, 17 Ill.Dec. 71, 375 N.E.2d 1355; Moone v. Commercial Casualty Insurance Co. (1953), 350 Ill.App. 328, 335, 112 N.E.2d 626.
The initial point of contention between the parties is on what aspect of the relationship should the court focus when applying the factors enumerated above. Plaintiff contends that the issue of agency must focus on the point when the wrongful act occurs or on the function Ryan was serving at the time of the overbilling. Defendant contends that the entire relationship between the parties must be examined and that plaintiff's "strained attempt to define Ryan's role by resorting to one period of time in isolation is not supported by the law." However, defendant's contention is without merit. An independent insurance agent's conduct at the time of a specific transaction defines the relationship and determines liability. (Zannini, 206 Ill.App.3d at 916, 151 Ill.Dec. at 851, 565 N.E.2d at 122.) Thus, we must focus on the facts surrounding the overbilling to determine whether the trial court correctly entered summary judgment for defendant on the basis argued by defendant, namely, that Ryan was plaintiff's agent.
Applying the four factors to the facts surrounding the overbilling shows that Ryan was not solely plaintiff's agent at the time of the transactions at issue. First, defendant set Ryan in motion by allowing him to bill and collect premiums. Defendant's answer admitted that it authorized Ryan to bill directly and collect premiums from plaintiff for defendant's policies and to issue and deliver those policies to plaintiff. Second, because defendant authorized Ryan to bill and collect premiums, it controlled Ryan's actions. If defendant did not authorize Ryan to bill and collect the premiums, plaintiff would have paid its premiums directly to defendant. Third, defendant paid Ryan a commission for the premiums Ryan sold, although this factor is not given much weight (Lazzara v. Howard A. Esser, Inc. (7th Cir.1986), 802 F.2d 260, 264 n. 1, citing Browder v. Hanley Dawson Cadillac Co. (1978), 62 Ill.App.3d 623, 20 Ill.Dec. 138, 379 N.E.2d 1206). Fourth, although defendant correctly argues that Ryan was protecting his own interests by overbilling plaintiff, Ryan was protecting defendant's interests while billing and collecting the premiums for defendant because he was ensuring that defendant was compensated for the coverage.
Defendant cites Economy Fire & Casualty Co. v. Bassett (1988), 170 Ill.App.3d 765, 121 Ill.Dec. 481, 525 N.E.2d 539, and Lazzara v. Howard Esser, Inc. (7th Cir. 1986), 802 F.2d 260, to support its contention that Ryan was plaintiff's agent. Those cases involved the procurement of insurance, and because our focus must be on the specific transaction of billing and collecting premiums, those cases are distinguishable.
Because we have determined from the pleadings and depositions that defendant has not shown as a matter of law that Ryan was plaintiff's agent relative to the transactions at issue and a factual issue remains, we need not address in this appeal plaintiff's alternative contention that Ryan was defendant's agent pursuant to section 505 of the Illinois Insurance Code (Ill.Rev. Stat.1983, ch. 73, par. 1065.52 (repealed by Pub.Act 81-999, § 4.4, eff. October 1, 1987)).
Defendant also briefly presents the argument that it cannot be held liable for Ryan's actions, even if he were defendant's agent, because Ryan was acting outside the scope of his authority when he allegedly overbilled plaintiff. Although this precise contention was not raised or ruled on below and is waived (Western Casualty & Surety Co. v. Brochu (1985), 105 Ill.2d 486, 500, 86 Ill.Dec. 493, 475 N.E.2d 872), nevertheless, it is not a basis to support affirmance of the trial court's granting of summary judgment in defendant's favor.
Defendant may be liable to plaintiff if Ryan was an agent apparently acting within his authority while placed in a position by defendant which enabled Ryan to *568 overbill plaintiff. (See Restatement (Second) of Agency § 261 (1958).) It is inconsequential whether the agent acted according to his instructions if he was acting within the scope of his apparent authority. (J. Appleman, Insurance Law & Practice § 8872.25, at 343 (1981).) Further, the scope of an agency relationship (see Milwaukee Mutual Insurance Co. v. Wessels (1983), 114 Ill.App.3d 746, 749, 70 Ill.Dec. 550, 449 N.E.2d 897) and an agent's apparent authority (see Hofner v. Glenn Ingram & Co. (1985), 140 Ill.App.3d 874, 882, 95 Ill.Dec. 90, 489 N.E.2d 311) are generally questions of fact (Fried v. Barad (1988), 175 Ill.App.3d 382, 388, 125 Ill.Dec. 175, 530 N.E.2d 93). Based on the facts in the record before us, defendant is not entitled to summary judgment on this basis.
Because the trial judge incorrectly granted summary judgment in favor of defendant, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded as factual issues still remain on the pleadings.
Reversed and remanded.
UNVERZAGT and NICKELS, JJ., concur.