GAIL RATLIFF *et al.*, Plaintiffs-Appellants, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 1—92—0997

Opinion filed December 28, 1993.

William J. Harte, Ltd., and Herbert F. Stride, Ltd., both of Chicago (William J. Harte, Herbert F. Stride, and Katrina Veerhusen, of counsel), for appellants.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

In this action for a declaratory judgment, plaintiffs Gail Ratliff and her son, Michael Ratliff (plaintiffs), sought a declaration that under the contract of insurance between Gail Ratliff and defendant Safeway Insurance Company (Safeway), Michael was also insured, and the protection of the Safeway policy extended to any claims arising out of Michael's operation of the 1978 Pontiac described in the policy. Plaintiffs also sought a declaration that Safeway had a duty to defend Michael in any claim made as a consequence of an accident that occurred on December 27, 1986, when Michael, while driving the 1978 Pontiac, collided with another vehicle. The circuit court, at the close of plaintiffs' case at trial, entered judgment for Safeway, finding that the policy of insurance was void. Plaintiffs appeal that judgment.

In 1984, Gail Ratliff entered into a contract of automobile insurance with Safeway. She applied through Lincoln Insurance Agency (Lincoln), an independent agency selling policies for several insurance companies. She renewed the policy in 1985 and again in 1986.

In response to a renewal notice received from Lincoln in August of 1986, Gail called the agency and spoke with an unidentified person who said he was from the renewal division. After telling him she wanted to renew the policy, she answered several questions. She said that none of the information from the previous year had changed; that she was the main driver of the automobile; that her son Michael was an "occasional" driver of the automobile; and that there were no "regular" drivers of the automobile under the age of 25. Gail never saw, read, or signed the application for renewal and did not know whose signature appears on it.

The application for Gail's 1986 automobile insurance, which was

completed by Lincoln, states in part that "APPLICANT WARRANTS THAT THERE ARE NO OTHER DRIVERS IN THE HOUSEHOLD, OTHER THAN THOSE LISTED BELOW." Below this statement are blank lines for the applicant to list the "Principal Driver and All Others." The application does not list Michael as a driver of the automobile. The signature line intended for the applicant is blank, and the line labelled "Applicant's Agent" contains an illegible signature. The application states in fine print that it forms a part of the policy of insurance, and that it is null and void if any of the attestations or statements it contains shall prove to be false or fraudulent in nature. The application also contains the statement that "THE INSURANCE POLICY ISSUED PURSUANT TO THIS APPLICATION IS VALID ONLY IF SIGNED BY THE APPLICANT OR THE AGENT OF THE APPLICANT ACTING ON BEHALF OF THE APPLICANT."

On December 27, 1986, while Michael Ratliff was driving the insured automobile with Gail's permission, he was involved in an accident with another vehicle. The driver of the other vehicle, Roger LeFebvre, later filed a complaint against plaintiffs, seeking damages as a result of the accident. Safeway refused to provide coverage or to defend plaintiffs in the lawsuit. Consequently, plaintiffs obtained independent counsel to defend them.

At the time of the accident, Michael was 20 years old and had always lived with Gail. He drove the insured automobile approximately twice a week, and he always did so with Gail's permission.

Plaintiffs filed their complaint for declaratory judgment against Safeway on April 14, 1988. Safeway's answer generally denied their allegations, and set up as an affirmative defense that Gail fraudulently induced the policy of insurance through material misrepresentation on the application by failing to request or obtain insurance coverage for Michael.

A bench trial began in the circuit court on February 24, 1992. At the close of plaintiffs' case, Safeway moved for judgment. The circuit court granted the motion on February 26, 1992, finding that: (1) Michael Ratliff was not contemplated as an insured in the policy; (2) disclosure of Michael as a driver in the application would have presented an increased risk to Safeway; (3) the complaint in the case arising out of Michael's accident could not state a cause of action against Gail solely on the basis of ownership of the automobile; and (4) the insurance policy was void. Plaintiffs timely filed their notice of appeal.

The only issue on appeal[1] is whether the circuit court's finding that the contract of automobile insurance between Gail and Safeway did not provide coverage for Michael was against the manifest weight of the evidence. This might be so if any of the following circumstances are present: (1) if Lincoln was acting as Safeway's agent when it filled out the application for renewal of insurance; (2) if the nondisclosure on the application form of Michael as another driver of the insured automobile was not material and did not affect Safeway's risk; or (3) if the insurance contract was ambiguous as to Michael's coverage.

Plaintiffs argue the insurance policy should not have been held void because Lincoln was serving as Safeway's agent when it filled out the application for renewal. Pointing out that the undisputed evidence was that Gail told Lincoln that Michael was an occasional driver of the insured automobile, plaintiffs contend that because Lincoln's knowledge is imputed to Safeway, the latter is estopped from denying coverage because the pertinent information was not included on the application for renewal.

Safeway responds that Lincoln was not its agent but rather plaintiffs' agent. Because plaintiffs alleged that Lincoln was Safeway's agent, plaintiffs had the burden of proof on the issue and they failed to meet that burden. Safeway further contends that the general rule in Illinois is that an insurance broker such as Lincoln is the agent of the insured and that plaintiffs presented no evidence to bring this case within an exception.

We note initially that there is evidence in the record that Lincoln served as Gail Ratliff's agent in filling out the renewal application and forwarding it to Safeway. Condition 17 of the policy provides as follows:

> "17. Declarations. By acceptance of this policy, the insured *** agrees that the statements contained in the application, a copy of which is attached to a forms a part of this policy, have been made

---

[1] While a good deal of the testimony at trial concerned the issue of attorney fees and the extent of damages, and Safeway's brief and plaintiffs' reply brief both deal with the issue, plaintiffs failed to raise the issue in their opening brief. Supreme Court Rule 341(e)(7) provides that "[p]oints not argued [in appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (134 Ill. 2d R. 341(e)(7).) The issue is therefore waived on appeal.

Additionally, plaintiffs raise no issue on appeal concerning the circuit court's finding that the complaint in the case arising from Michael's accident could not state a cause of action against Gail solely on the basis of ownership of the automobile. This issue is also waived.

by him *or on his behalf* and that said statements *** are offered as an inducement to the company to agree to issue or continue this policy ***, and that this policy is issued and continued in reliance upon the truth of such statements and representations ***." (Emphasis added.)

The plain language of the application states that it "is valid only if signed by the applicant or the agent of the applicant acting on behalf of the applicant." Gail Ratliff never signed the application and claims she never saw it; the illegible signature that does appear is affixed directly above the words "Applicant's Agent." If Lincoln was not acting as Gail Ratliff's agent, then neither Gail nor her agent signed the application. In order for the contract of insurance not to be void, Safeway must have waived the requirement that either Gail or her agent signed the application for renewal. This is a reasonable argument, although not one made by plaintiffs.

However, the request for renewal with Lincoln that Gail Ratliff signed on August 16, 1986, contains a power of attorney enabling Lincoln to execute a premium financing agreement with Lincoln Acceptance Company. Gail paid $96 at the time of the application toward the insurance and would have paid the additional $499 to insure her two automobiles to Lincoln on a monthly basis. This information is contained in defendant's exhibit 1, which was properly before the court as a stipulated exhibit. Even if Safeway can be said to have accepted the application for renewal without Gail's (or her agent's) signature, this document presents adequate evidence that Lincoln was Gail's agent for purposes of applying for insurance. Gail Ratliff is thus bound by any mistakes made by her agent in the application process, including the failure to list Michael as a regular driver of the insured automobile under the age of 25 living in the same household.

It is, however, possible for an independent insurance broker to act as the agent both of the insured and the insurance company. (*City of Chicago v. Barnett* (1949), 404 Ill. 136, 88 N.E.2d 477; *Empire Fire & Marine Insurance Co. v. Faith Truck Lines, Inc.* (1988), 178 Ill. App. 3d 356, 359, 533 N.E.2d 441.) The question here is limited to whether there is sufficient evidence in the record to support a finding that Lincoln acted as Safeway's agent.

Insurance law in Illinois clearly distinguishes between an agent and a broker. *Krause v. Pekin Life Insurance Co.* (1990), 194 Ill. App. 3d 798, 551 N.E.2d 395, defines a "broker of insurance" and an "agent":

"A broker is an individual who procures insurance and acts as a middleman between the insured and the insurer, who solicits in-

surance business from the public under no employment from any special company and who, having secured an order, places the insurance with the company selected by the insured, or in the absence of any selection by the insured, with a company he selects himself. [Citation.] An agent is an individual who has a fixed and permanent relation to the companies he represents and who has certain duties and allegiances to such companies." (*Krause*, 194 Ill. App. 3d at 804-05.)

The determination of whether a person is acting as an agent or a broker governs to whom he may owe a duty. ( *Zannini v. Reliance Insurance Co. of Illinois, Inc.* (1992), 147 Ill. 2d 437, 451, 590 N.E.2d 457.) A broker owes a duty to the applicant for insurance, and an agent owes a duty to the insurance company.

■ *Krause* and *Zannini*, however, also provide that a person's conduct, not his title, determines whether he is acting as a broker or as an agent in a given transaction. (*Krause*, 194 Ill. App. 3d at 805; *Zannini*, 147 Ill. 2d at 452-53.) In *A&B Freight Line, Inc. v. Ryan* (1991), 216 Ill. App. 3d 1093, 576 N.E.2d 563, *appeal denied* (1991), 142 Ill. 2d 651, 584 N.E.2d 126, for example, an insured sued its insurer, alleging that an independent insurance broker acted as the agent for the insurer and overbilled the insured. The appellate court reversed the circuit court's judgment for the insurer, finding that the broker was not solely the agent of the insured at the time of the transactions at issue, and that the insurer was not entitled to summary judgment on the basis that the broker acted outside the scope of his agency. In reaching that conclusion, the appellate court applied four factors to determine the agency issue:

"(1) who first set the agent in motion; (2) who controlled the agent's action; (3) who paid the agent; and (4) whose interests the agent was attempting to protect." (*A&B Freight*, 216 Ill. App. 3d at 1097.)

The appellate court found that the agent was "set in motion" by the insurer by allowing him to bill and collect premiums. It also found that because the insurer authorized the agent to bill and collect premiums, it controlled the agent's actions. The appellate court noted that the insurer paid the agent a commission for the policies he sold, although the court did not give that factor much weight. Finally, the court found that the agent was protecting the insurer's interests while billing and collecting premiums.

In this case, when Gail initially sought insurance from Lincoln in 1984, she set Lincoln in motion. But in 1986, it was Lincoln who sent Gail the renewal notice; she merely responded to its overture by telephoning. There is, however, no evidence in the record that Safe-

way authorized Lincoln to bill and collect premiums, merely that Gail paid Lincoln. Plaintiffs assume that Safeway paid Lincoln commissions, but there is no evidence in the record to support the assumption. Finally, there is no evidence in the record to support the inference that Lincoln was attempting to protect Safeway's interests through billing and collecting premiums, or in any other way.

Although there is insufficient evidence in the record to support the conclusion that Lincoln was acting as Safeway's agent when it filled out the application for renewal for Gail Ratliff under the "four factors" test delineated above, plaintiffs also assert that Safeway should be estopped on the basis of apparent authority possessed by Lincoln. In Illinois, "an insurance company may be estopped to deny the agency of a broker which has arisen from a course of dealings between the parties." (*Empire Fire & Marine Insurance Co.*, 178 Ill. App. 3d at 359.) In *Empire Fire & Marine Insurance Co.*, the insurer used a broker for the purpose of delivering its policy to the insured, and as its agent for billing and collecting premiums to and from the insured. (178 Ill. App. 3d at 359.) Based on these facts, the appellate court found that an apparent agency was created and that the insurer was estopped to deny it. Because the apparent agent received timely notice of a claim, the insurer did likewise.

■ Safeway argues that plaintiffs presented no evidence of any course of dealings between Lincoln and Safeway, pointing out that *Empire Fire & Marine Insurance Co.* requires such evidence before apparent authority may be found. Apparent authority is based upon words or acts of the principal which convey the impression to third parties that a particular person is acting as his agent. (*Simpson v. Compagnie Nationale Air France* (1969), 42 Ill. 2d 496, 248 N.E.2d 117; *Bellflower Ag Service, Inc. v. First National Bank & Trust Co.* (1985), 130 Ill. App. 3d 80, 473 N.E.2d 998, *appeal denied* (1985), 106 Ill. 2d 553.) To establish the apparent authority of an agent, it is critical to find some words or conduct by the principal that could reasonably indicate consent. *Emmenegger Construction Co. v. King* (1982), 103 Ill. App. 3d 423, 431 N.E.2d 738.

Here, there was evidence presented that Gail Ratliff paid her premiums to Lincoln, not to Safeway. There was also evidence presented that Lincoln, not Safeway, sent Gail a renewal notice, and that Gail telephoned Lincoln, not Safeway, to complete her renewal application. In fact, Gail had no contact with Safeway at all until after Michael's accident, and even then she called Safeway only after first calling Lincoln. What is missing is evidence that Safeway gave Lincoln the authority to act on its behalf in these matters. There is insufficient evidence in the record that Lincoln was serving as Safe-

way's agent under the four factors test, and insufficient evidence in the record of a course of dealings between Safeway and Lincoln to establish agency under the apparent authority test. Lacking any evidence of Safeway's holding out Lincoln as exercising its authority, plaintiffs have not established apparent authority. Therefore, Lincoln's knowledge that Michael was a regular driver of the insured automobile residing in the same household is not imputed to Safeway.

Although we find that Lincoln was not serving as Safeway's agent, and that Lincoln's knowledge that Michael was a regular driver of the insured automobile residing in the same household is not imputed to Safeway, we may nevertheless hold that the circuit court's finding was against the manifest weight of the evidence, if we find that the nondisclosure was not material.

■ Under Illinois law, "a false statement in an application for insurance is not in itself a ground for voiding the insurance policy." (*Roberts v. National Liberty Group of Cos.* (1987), 159 Ill. App. 3d 706, 708, 512 N.E.2d 792.) Rather, the insurer "must prove that the statements were made with intent to deceive or involved matters materially affecting the acceptance of the risk." (*Roberts*, 159 Ill. App. 3d at 708.) This language tracks the language of section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1991, ch. 73, par. 766 (now codified as 215 ILCS 5/154 (West 1992))). Whether an applicant's statements are material is determined by whether a reasonably careful and intelligent person would have regarded the facts stated as substantially increasing the chances of the events insured against, so as to cause a rejection of the application or different conditions. *Roberts*, 159 Ill. App. 3d at 709.

■ Failure to disclose a 20-year-old owner on an application for automobile insurance has been held to be a material nondisclosure. (*Safeway Insurance Co. v. Duran* (1979), 74 Ill. App. 3d 846, 393 N.E.2d 688.) Similarly, the nondisclosure of a 20-year-old driver residing in the same household is a misrepresentation that materially affects the risk assumed by the insurer.

> "It is a matter of common knowledge that the rate frequency of accidents for drivers between the ages of sixteen and twenty-four is substantially greater than that for all drivers who are twenty-five years old or more." (*Western States Mutual Automobile Insurance Co. v. May* (1958), 18 Ill. App. 2d 442, 448, 152 N.E.2d 608, *overruled, Sobina v. Busby* (1965), 62 Ill. App. 2d 1, 210 N.E.2d 769.)

Had Gail disclosed Michael's presence in the household, his age, and the amount he drove the car, Safeway certainly would have reassessed the risk it was assuming. The materiality of the nondisclo-

sure is confirmed by the stipulation in the record that on January 20, 1987, almost a month after the accident, Gail requested that Michael be added to her policy, and that Safeway charged an additional $320 to add him. This additional premium is clearly a different condition of the contract of insurance, caused by listing Michael as a driver and disclosing his age. Plaintiffs' argument that there is no evidence regarding what it means to "add" someone to a policy, or of the circumstances surrounding the "addition," is unavailing.

Section 154 of the Illinois Insurance Code provides in pertinent part as follows:

> "No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance *** shall defeat or avoid the policy *** unless such misrepresentation, false warranty or condition shall have been stated *** in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it *** materially affects either the acceptance of the risk or the hazard assumed by the company." Ill. Rev. Stat. 1991, ch. 73, par. 766 (now codified as 215 ILCS 5/154 (West 1992)).

It follows that a material misrepresentation in the written application for a policy, attached and made part of the policy, as in this case, may defeat or avoid the policy. Plaintiffs argue that Safeway introduced no evidence regarding material misrepresentation on Gail's application for insurance, which is technically true, since Safeway put on no case. Adequate evidence for the court to make its finding, however, had been introduced by plaintiffs themselves, and Safeway had no need to present additional evidence.

Finally, anticipating our finding that Lincoln was not acting as Safeway's agent, and that Lincoln's knowledge that Michael was a regular driver of the insured automobile residing in the same household was not imputed to Safeway, plaintiffs argue that Michael was covered by the insurance contract under the provision relating to persons who drive the insured automobile with the permission of the named insured. In the alternative, plaintiffs argue that that provision at a minimum creates an ambiguity in the contract which must be resolved in their favor. Safeway responds that permission to drive was irrelevant and that the contract was not ambiguous.

The terms of insurance policies will be construed most strongly against the insurer. (*First National Bank v. Boston Insurance Co.* (1959), 17 Ill. 2d 147, 160 N.E.2d 802.) Further, any doubt or ambiguity in the terms of a policy will be resolved in favor of the insured. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*

(1991), 144 Ill. 2d 64, 578 N.E.2d 926.) Plaintiffs argue that the policy itself provides that a person driving the insured automobile with the permission of the named insured is also insured, the policy not restricting a driver in terms of age or residence. They maintain that if the policy was not to apply to drivers with permission under the age of 25, it should have said so; similarly, if the policy was not to apply to drivers with permission who reside in the same household, it should have said so. This ambiguity, they contend, must be resolved in favor of plaintiffs, and Michael should have been afforded coverage for his accident.

The provision at issue states:

> "Persons insured. The following are insureds under Part I.
> (a) With respect to the owned automobile,
>> (1) the named insured,
>> (2) any person using such automobile to whom the named insured has given permission, provided the use is within the scope of such permission."

Taken as a whole, the contract of insurance makes it clear that this clause does not apply to regular drivers of the insured automobile under the age of 25 residing in the same household. Plaintiffs' contention that the clause is ambiguous is unavailing. Michael was not covered by the clause in the policy covering someone driving with permission of the named insured.

It is important to note that this was a bench trial, with the judge sitting as both trier of fact and arbiter of law. It was entirely within the judge's prerogative to weigh the evidence presented, and make judgments regarding credibility. While Gail Ratliff testified that she told Lincoln that her son was an occasional driver of the insured automobile, when impeached with her deposition testimony she admitted that she had also told Lincoln that there were no other regular drivers under the age of 25 residing in the same household. As the admission of a party, this impeachment evidence had substantive weight.

Because we find that the policy of insurance did not provide coverage for Michael's accident, the judgment of the circuit court granting declaratory judgment in favor of Safeway is affirmed.

Affirmed.

McCORMICK, P.J., and SCARIANO, J., concur.