James B. PINSKI, Dolores Pinski, Michael Pinski, David Pinski, Kevin Pinski, and Ronald L. Pinski as Trustee of the James B. Pinski Irrevocable Insurance Trust, Plaintiffs,

v.

Gerald S. ADELMAN, Gerald S. Adelman & Associates, Ltd., Federal Kemper Life Assurance Company, Jackson National Life Insurance Company, Security Connecticut Life Insurance Company, Phoenix Home Life Mutual Insurance Company, and Connecticut National Life Insurance Company, Defendants.

No. 94 C 5783.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 12, 1996.

Whitman Henry Brisky, Leon E. Lindenbaum, Lindenbaum, Coffman, Kurlander, Brisky & Hayes, Ltd., Chicago, IL, William E. Russell, Chicago, IL, for James B. Pinski, Dolores Pinski, Michael Pinski, David Pinski, Kevin Pinski, Ronald L. Pinski.

Michael Nicholas Ripani, Johnson & Bell, Ltd., Chicago, IL, Michael Cleary Bruck, David M. Jenkins, Quinlan & Crisham, P.C., Chicago, IL, for Gerald S. Adelman, Gerald S. Adelman & Associates, Ltd.

Paul R. Garry, Patrick James Foley, Michael Irving Leonard, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Federal Kemper Life Assurance Companies.

David A. Axelrod, Mark K. Schoenfield, John Eliot Garber, Schoenberg, Fisher & Newman, Ltd., Chicago, IL, for Jackson Nat. Life Ins. Co.

Aaron Edward Hoffman, Cherie Ann Duve, Schwartz & Freeman, Chicago, IL, for Security Connecticut Life Ins. Co.

J. Robert Geiman, William A. Chittenden, III, Douglas John Varga, Elizabeth Gwynn Dobie, Peterson & Ross, Chicago, IL, for Phoenix Home Life Mut. Ins. Co.

Donald E. Frechette, Edwards & Angell, Hartford, CT, for Connecticut Nat. Life Ins. Co.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiffs seek to file a "Second Amendment to the Amended Complaint," asserting vicarious liability by various insurance companies under the Illinois Consumer Fraud Act on the basis of the apparent or actual authority of defendant Adelman as their agent. The proposed amendments do explicitly so allege, and if this were the initial pleading we would hesitate to dismiss it. This pleading is, however, an amendment arising in the context of this court's prior rulings and we believe that we can and should deny the motion to amend if it is apparent that the amendment would be futile. We believe it would be futile and, accordingly, we deny the motion.

The core issue is whether Adelman's alleged representations are attributable to the insurance companies. We note that some, at least, of plaintiffs' exhibits negate any actual authority to do so, but we do not rest on that. Rather, we believe that plaintiffs' pleadings lead to the conclusion that the insurance companies are not legally responsible for those alleged misrepresentations.

The Illinois cases customarily distinguish between a broker whose principal is the in-

sured, and an agent whose principal is the insurance company. That distinction is helpful but does not necessarily ascribe liability. In common parlance we speak of an insurance agent, but that agent can be the agent of the insured, the agent of the insurer, or an agent of both. *American Insurance Corp. v. Sederes,* 807 F.2d 1402, 1404–05 (7th Cir. 1986). For that reason the court in *Sederes* referred to the "agent" as an insurance intermediary. A broker may have, for example, actual authority from an insurance company to bind coverage. *See e.g., Zannini v. Reliance Ins. Co. of Illinois,* 147 Ill.2d 437, 168 Ill.Dec. 820, 590 N.E.2d 457 (1992); *Dumenric v. Union Oil Co. of California,* 238 Ill. App.3d 208, 179 Ill.Dec. 398, 606 N.E.2d 230 (1st Dist.1992). While a principal is generally not liable for the torts of independent contractor agents, *Anderson v. Marathon Petroleum Co.,* 801 F.2d 936 (7th Cir.1986); *Kouba v. East Joliet Bank,* 135 Ill.App.3d 264, 89 Ill.Dec. 774, 481 N.E.2d 325 (3d Dist. 1985), the negligence of a broker can be attributable to an insurance company in certain limited circumstances such as tardiness in notifying the insurer of an occurrence, *State Security Ins. Co. v. Burgos,* 145 Ill.2d 423, 164 Ill.Dec. 631, 583 N.E.2d 547 (1991), or in forwarding an application, *Wille v. Farmers Equitable Insurance Company,* 89 Ill.App.2d 377, 232 N.E.2d 468 (3d Dist.1967).

That concept has been extended to provide coverage to a person not named in an application, *Allied American Ins. Co. v. Ayala,* 247 Ill.App.3d 538, 186 Ill.Dec. 717, 616 N.E.2d 1349 (2d Dist.1993). *But see Ratliff v. Safeway Ins. Co.,* 257 Ill.App.3d 281, 195 Ill.Dec. 473, 628 N.E.2d 937 (1st Dist.1993). As those two cases illustrate, the imputation of liability to an insurer for the conduct of an insurance intermediary has had a somewhat inconsistent history in Illinois. *Compare Lang v. Consumers Ins. Service, Inc.,* 222 Ill.App.3d 226, 164 Ill.Dec. 825, 583 N.E.2d 1147 (2d Dist.1991) and *A & B Freight Line, Inc. v. Ryan,* 216 Ill.App.3d 1093, 159 Ill.Dec. 894, 576 N.E.2d 563 (2d Dist.1991), with *Krause v. Pekin Life Ins. Co.,* 194 Ill.App.3d 798, 141 Ill.Dec. 402, 551 N.E.2d 395 (1st Dist.1990). We recognize, as well, that agen-

cy is generally a fact issue. Nevertheless, we believe that the Illinois Supreme Court would not go so far as to attribute the allegedly fraudulent representations of an independent broker to the companies with whom he placed policies in the absence of additional circumstances which plaintiffs do not and can not allege here.

Adelman was an agent in some sense for those companies. Indeed, he had written agency agreements with most of them, and they paid him commissions. But here it is clear that the insured set Adelman in motion, the insured could control Adelman's actions if he chose to do so, and Adelman was supposedly protecting the insured's interests. Adelman, as an independent broker, could and did place policies with various insurance companies. He had certain duties to each insurer but none held him out as its general agent and he had no fixed and exclusive allegiance with any.

Plaintiffs do not suggest that any insurance company directly misled them. Indeed, they indicate that their discovery of the alleged fraud came from an analysis of the information furnished by the companies. They do not point to anything said or done by the companies, other than their willingness to issue policies on business developed by him and his handling of some routine aspects of that business, to indicate that Adelman was a spokesman for each of them and his statements were theirs. In those circumstances we believe that Illinois law continues to recognize that the insurer is not responsible for the broker's representations of which it is unaware and which it did not ratify. *See Anetsberger v. Metropolitan Life Ins. Co.,* 14 F.3d 1226 (7th Cir.1994); *American Insurance Corp. v. Sederes, supra; Lazzara v. Howard A. Esser, Inc.,* 802 F.2d 260 (7th Cir.1986).[1]

---

1. In view of this disposition we do not reach    defendants' other arguments.